## STATE v. HORACE BONNEY.

On an indictment for the illegal sale of liquor, and proof of a sale by the respondent's servant, at the bar of his hotel, it was—*Held*, that it was competent to prove that the respondent at the same time was engaged in the business of selling liquors at that place, as tending to show that the servant was authorized to make such sale, and that the respondent's declarations, made a few days after, that he *had* sold intoxicating liquor at that place, and should continue the traffic, were admissible.

INDICTMENT, charging the respondent with an illegal sale of intoxicating liquor.

Thomas B. Gault testified, that about the middle or last of June, 1859, he purchased three glasses of intoxicating liquor at the bar of the public house kept by the respondent, in Hooksett, in this county, of a man unknown to him, and whom he had never seen before or since, but whom he described. Other evidence tended to show that a man, answering to the description given by this witness, had been employed at work in and about the public house of the respondent during the past summer.

Savory T. Burbank testified, among other things, that on the second day of July, 1859, he had a conversation with the respondent in relation to the character of the public house kept by the latter, in which the respondent

State *v.* Bonney.

acknowledged that he had sold intoxicating liquor therein, and avowed his determination to continue the traffic. To this testimony of Burbank the respondent objected, but the court admitted it.

The jury having returned a verdict of guilty against the respondent, he moved that the same be set aside and a new trial granted, for supposed error of the court in admitting the aforesaid testimony of Burbank.

*George & Foster,* for the respondent.

The testimony of Burbank that the respondent confessed that he had sold liquor, and would continue to sell, was not competent. Evidence of other sales could not have been received, as tending to prove the charge in the indictment; much less, then, should the confession of that fact have been received. See Roscoe's Cr. Ev. 81, *et seq.* The only tendency of such evidence was to excite the prejudices of the jury, and to cause the respondent to be convicted, not from proof of the crime charged in the indictment, but from proof of other acts, on account of which no legal accusation existed against him. Neither does the fact that the respondent himself sometimes sold liquor tend to prove, either legally or otherwise, that he had authorized a third person to sell for him. Proof of the fact that a third person had at other times sold the respondent's liquor, with his knowledge and assent, might possibly tend to show an agency, but how can the fact that a man had traded horses in July, " and avowed his determination to continue the traffic," tend to show that he had authorized another to trade for him the " middle or last of June" ?

*Everett,* Solicitor, for the State.

BELLOWS, J. The question in this case is, simply, whether it is competent to show that the respondent, at the time

of the sale, as charged in the indictment, was engaged in the business of selling intoxicating liquors.

The evidence tended to prove a sale at the defendant's public house, and by his servant; and whether the servant was then acting by his authority was a point in issue. That he was employed about this public house by the defendant, during the summer, and sold this liquor at the bar, would tend to show such authority. And we think it competent also to prove that the defendant was at that time engaged in such traffic; that he kept liquors for sale at his hotel. It stands indeed upon the same footing with proof that he kept a hotel, had a bar, and other conveniences for the keeping and sale of liquors, or that he actually kept liquors there. His statement that he had so sold, and should continue to do so, tended legally, with the other proofs, to establish the authority of the servant to make the sale in question. So it is held, in *State* v. *Foster*, 23 N. H. 348, that the authority may be inferred from the relative situation of the parties and the nature of the employment. See, also, *State* v. *Marvin*, 35 N. H. 22. The statement of the defendant, on the 2d of July, that he had sold and should continue to sell liquor, would, with the other circumstances, authorize the jury to find that when the sale in question was made, about the middle or last of June, of the same year, he was engaged in such traffic.

On the whole we think the evidence was properly admitted, and there must be

*Judgment on the verdict.*