STATE *v.* COLBY.

On an indictment for the illegal sale of liquor, and proof of a sale by the
respondent's wife at their dwelling-house—*Held*, that it was competent
to prove that the respondent had previously kept liquors for sale at that
place, and that at the time of the sale alleged in the indictment he was
engaged at the same place in the business of selling liquors, as tending
to show the agency and authority of his wife to make the sale in ques-
tion.

INDICTMENT, charging the respondent with selling one pint of spirit-
uous liquor to one Ellen P. Cheney, August 7, 1874.

At the trial, before SMITH, J., Mrs. Mary Angell, a witness for the
state, testified that on August 7, 1874, she went to the dwelling-house
of the respondent, in Sunapee, in company with Mrs. Ellen P. Cheney,
to whom, she testified, the respondent's wife sold one pint of rum.
The witness, subject to the respondent's exception, then testified as
follows : " We both asked them both [Colby and wife] if Mr. Cheney
[husband of Ellen P. Cheney] had been there that day after rum. He
[the respondent] said no, but that Mason Ward had been there that
day and got some for him. He said Mr. Cheney stayed back in the
bushes, and did not come to the house. He said to me, ' Mr. Cheney
is on a spree, isn't he ? ' and that he told Ward he must keep him out
of sight. He said he let Ward have a pint and a half that night for
Mr. Cheney. He said he sold him a pint and a half the Wednesday
before." Mrs. Cheney, a witness for the state, testified as follows,
subject to the respondent's exception :  " I told his [respondent's] wife,
while she was drawing the liquor, that I did not want her to sell my
husband any more liquor."

The respondent having testified in his own behalf, testified as fol-
lows upon cross-examination, subject to the respondent's exception :
" There was a quantity of liquor taken from my house, three or four
years ago, that was kept for sale. I can't tell how much. It was not
returned to me." Afterwards, being recalled to the witness stand, he
testified *in chief* " that there were three or four gallons of the liquor
seized that was returned to him, at the request of Dr. Currier, to be
used for a complaint from which he was suffering." Dr. D. M. Cur-
rier testified, on behalf of the respondent, that the respondent was suf-
fering from asthma ; that some two years ago he prepared some bit-
ters for him, into which he put a little whiskey, and that he might
have prescribed the external application of spirit for a neuralgic affec-
tion of his feet. This evidence, the respondent claimed, was intro-
duced for the purpose of showing why he kept spirituous liquor in his
house. Upon cross-examination, said Currier testified as follows, sub-
ject to the respondent's exception : " I did not prescribe the constant
use of liquor internally, nor externally, only for the neuralgic affec-

tion at the time.   I should not prescribe the constant use of liquors internally."

The respondent and his wife each testified that he never authorized her to sell spirituous liquor to Mrs. Cheney, or any other person, either on the seventh of August or at any other time ; and they each testified that the sale by the respondent's wife to Mrs. Cheney, August 7, was without the assent or knowledge of the respondent.   No exception was taken by the respondent to the instructions of the court to the jury upon the question of what would constitute the wife of the respondent his agent.

The jury having returned a verdict of guilty, the respondent moved to set the same aside, and for a new trial, for supposed error in the foregoing rulings excepted to.

The questions thus raised were transferred to this court.

*Edes,* solicitor, for the state.

*Burke,* for the respondent.

\* FOSTER, C. J., C. C.   The evidence tended to show a sale of liquor to Mrs. Cheney at the respondent's house,—not by the respondent himself, but by his wife; and the remaining question in the case was, whether the respondent's wife acted under the authority of her husband, as his agent and servant, in making the sale.

To satisfy the jury of this, it was clearly competent for the state to prove that the respondent was, at the time of the alleged sale to Mrs. Cheney, engaged in the liquor traffic, at his dwelling-house, where the sale in question was made.   The respondent's own testimony, in connection with that of Dr. Currier, concerning his previous traffic in liquors, and the respondent's own declarations in the presence of his wife concerning his sale to Ward, on more occasions than one, tended strongly and legally to establish the authority of Mrs. Colby to make the sale in question.

The evidence of Mrs. Cheney, that she told the respondent's wife while she was drawing the liquor that she did not want her to sell any more to her husband, was competent, as it seems to me, as tending to show, by the silence of Mrs. Colby when thus accosted, her assent to the declaration of Mrs. Cheney, and her substantial admission that she had been and still was accustomed to sell liquor.   This has a bearing on the question of her general authority.   If there can be any doubt about this, the evidence was, at most, immaterial, and cannot avail to disturb the verdict.

The rules of evidence applicable to this case seem to have been clearly settled in *State* v. *Bonney,* 39 N. H. 206, and cases there cited.

CUSHING, C. J.   I concur in the foregoing opinion.

---

\* SMITH, J., did not sit.

LADD, J. I fully agree that the exceptions in this case must be overruled. The testimony of Mrs. Angell, tending to show admissions by the defendant that he was at that time engaged in the business of selling liquor at his dwelling-house, was properly admitted on the question whether the sale charged in the indictment was made by ·im through the agency of his wife, or by her in the prosecution of a separate business in which she was engaged. *State* v. *Bonney*, 39 N. H. 206.

As to the testimony of Mrs. Cheney, to the effect that she told the defendant's wife, while drawing the liquor, that she did not want her to sell the husband of the witness any more liquor, I do not see how it tended to prove any issue in the case. If the indictment had been against the wife, and for a sale other than that made at the time of the remark, her silence might be of some significance; and her remark, coupled with the fact that she did not deny the charge implied in it, might be evidence against her on the question whether she had made such other sale. As it is, it seems to me it was quite irrelevant. But I am of opinion that it was entirely immaterial, and that the defendant could not have been prejudiced by it, and therefore that this exception should be overruled. I think the same is to be said of the testimony of Dr. Currrier, on cross-examination, to which the defendant excepted.

*Exceptions overruled.*
*Judgment on the verdict.*