STATE *v.* ROBERTS.        { June 16, 1875.

*Spirituous liquors—Sale—Agency—Evidence.*

Upon the trial of an indictment for unlawfully selling spirituous liquors, evidence having been introduced by the state of a sale by the respondent's wife—*Held,* that it was competent for the state to prove sales by the respondent himself other than those specified in the indictment, at the same place and about the same time, because such sales by him tended to show that the illegal traffic was his business, and that the sale of liquor by his wife was an act done by her as his agent and by his authority.

One of the selectmen of the town in which the respondent resided, testified, subject to the respondent's exception, that he never joined in any appointment of the respondent as an agent for the sale of spirituous liquor. The respondent himself, on cross-examination, but without interposing

any objection to the inquiry on that subject, testified that he had never received any appointment as such agent.

The court instructed the jury that they might consider the evidence given by the selectman as withdrawn, and that they might also consider the respondent's statement aforesaid as evidence that he was not such agent. *Held*, the instructions were correct, and the respondent was not prejudiced by the withdrawal of the testimony of the selectman from the consideration of the jury.

INDICTMENT for selling spirituous liquor to George E. Getchell, August 16, 1874.

Evidence was offered on behalf of the prosecution, tending to show that on Sunday, Aug. 16, 1874, in the forenoon, the respondent sold three drinks of spirituous liquor to George E. Getchell, for which he received thirty cents; also, that in the afternoon of the same day the wife of the respondent sold one pint of spirituous liquor to the same Getchell. The defendant testified, in substance, that he did not sell any liquor on that day; that he never authorized his wife or his daughter to sell any liquor to anybody on that day or any other, and did not know that they had done so. The respondent also offered his daughter, who testified, substantially, that she did not know that her father sold any liquor on that day to Getchell, and that she did not sell any to him on that day. On cross-examination, she was asked if she did not tell Clara C. Getchell, the wife of said George E. Getchell, that her husband treated once on that day, and only once, which she denied.

Subject to the respondent's exceptions, Clara C. Getchell testified that she bought of the respondent on the same day one half pint of alcohol, and also that the respondent's daughter told her that her husband treated once on that day. The respondent objected that he was indicted at this term for selling liquor as aforesaid to Clara C. Getchell, and excepted to evidence of what the daughter had said by way of contradicting her, on the ground that, being on an immaterial matter, the prosecution was bound by the answer of the respondent's daughter. One of the selectmen of Stark was permitted to testify, subject to the defendant's exception, that he had never joined in any appointment of the respondent as an agent for selling liquor. On cross-examination, the respondent himself testified that he had never received any appointment as agent.

The case was argued without any allusion to the matters of agency by either party.

The court instructed the jury that they might consider the evidence given by the selectman as above as withdrawn from the case, and might consider the statement of the respondent, that he had never received any writing as and for an appointment, as evidence that he was not an agent for the sale of spirituous liquor; to which instructions the respondent excepted. Verdict, guilty.

The questions arising on the foregoing case were transferred.

*H. Heywood*, solicitor, for the state.

*Crawford*, for the respondent.

*Foster, C. J., C. C.  The respondent was charged with having sold liquor on a specified day to George E. Getchell.

In his behalf, his daughter testified that she did not know that her father sold any liquor on that day to Getchell, and that she did not sell him any.

On cross-examination, it was clearly competent to inquire, as preliminary to an effort to contradict her, whether she did not tell Getchell's wife that her husband treated once on that day; and no objection was made to this inquiry.  Whether he treated or not was a material fact, tending to show a purchase of liquor from the respondent, or his wife or daughter as his agent.

It was therefore clearly competent to show that the daughter, who had testified that she did not know that her father sold liquor to Getchell on that day, and that she did not sell any to him, told Mrs. Getchell that her husband treated.  If she did tell Mrs. Getchell so, it was evidence of her knowledge of an unlawful sale by the respondent or by his authority.

It was also competent for the prosecution to show that Clara E. Getchell bought liquor of the respondent on the same day, notwithstanding another indictment was pending against him for selling the liquor to her.

The prosecution introduced evidence tending to show a sale by the wife of the respondent to Getchell.  Such proof would sustain the indictment; but in order that the respondent should be held liable for a sale made by the hand of his wife, the state would be compelled to show, further, that the wife was acting as his servant or agent in the transaction.  Without such evidence the proof of a sale by his wife would go for nothing.  It was therefore competent to show sales made by the respondent himself, at the same place, other than the sale charged in the indictment, because such sales by him tended to show that the traffic in liquors there was his business, and therefore that the act of his wife was his act.  *State* v. *Bonney*, 39 N. H. 208; *State* v. *Colby*, 55 N. H. 72.

Whether it was competent for the state to show that one of the selectmen never joined in any appointment of the respondent as an agent for the sale of liquor, we need not consider.  The respondent having himself testified (without his own objection or exception) that he never received any appointment as agent, the previous testimony of the selectman was rendered wholly immaterial, and the respondent, in these circumstances, could not have been prejudiced either by its reception, or by its subsequent withdrawal from the consideration of the jury.

The instruction of the court to the jury, that the respondent's own

---

* Cushing, C. J., having presided at the trial of the indictment, did not sit.

testimony on this point was evidence that he was not an agent, would clearly have been unexceptionable, even if the whole question were not entirely immaterial, as it certainly was in the present state of the law, as held in this state, that the burden of proof of agency rests on the respondent. *State* v. *Foster*, 23 N. H. 348 ; *State* v. *McGlynn*, 34 N. H. 423 ; *State* v. *Shaw*, 35 N. H. 217 ; *State* v. *Keggon*, 55 N. H. 19.

My opinion is that the exceptions should be overruled, and judgment ordered upon the verdict.

LADD and SMITH, JJ., concurred.

*Judgment on the verdict.*