STATE *v.* SHAW.

58 | 73
71 | 437

On an indictment for selling spirituous liquor to A. on the 2d day of January, the sale being made by the respondent's clerk, evidence that liquors were kept on the premises for sale for medicinal use during the month of November preceding, and that the clerk, during the same time, had made sales to other persons, is relevant to the issue.

INDICTMENT, against a druggist for selling spirituous liquor, on the 2d day of January, 1876, to John C. Sweat. Verdict, guilty. Sweat having testified to the sale, at about the time alleged, by the respondent's clerk, the clerk, as a witness for the respondent, testified that he had not sold any liquor since the Reform Club was formed, in the preceding November. On cross-examination, the inquiry was made if he had sold liquor to any one in November;—to which the witness replied, that he had; that he sold liquors unmixed in that month, and had in possession whiskey, rum, gin, alcohol, and brandy for medicinal use, unmixed. The respondent excepted to the ruling of the court permitting the inquiry.

*Shackford*, solicitor, for the state.

*Wheeler*, for the respondent.

FOSTER, J.    Evidence that a person, charged with an illegal sale of spirituous liquors, kept a hotel, had a bar, or that he actually kept liquors on his premises, is relevant to the issue.    *State* v. *Bonney*, 39 N. H. 206 ;    *State* v. *Colby*, 55 N. H. 72 ;    *State* v. *Roberts*, 55 N. H. 485 ;    Bishop on Stat. Crimes, *s.* 1048.    Of the same character was the evidence of sales of liquor by the respondent's clerk in November, preceding the day of the alleged sale, the precise day named in the indictment being immaterial.    Where there is a question whether a particular act was done, the existence of any course of business according to which it naturally would have been done is a relevant fact.    Steph. Dig. of the Law of Evid., *art.* 13 ;    *Hall* v. *Brown*, *post.*

Whether the inquiry put to the respondent's clerk upon cross-examination might be properly received for the purpose of testing the accuracy of the witness, or rejected, as matter of discretion, its admission is not an error of law.    See Steph. Dig., *art.* 129 ; 1 Greenl. Ev., *s.* 446.

*Judgment on the verdict.*

ALLEN, J., did not sit.