Merrimack,
Dec., 1898.

## FOSTER, *Adm'r, & a. v.* ELA, *Adm'r, Ap't.*

In a probate appeal, a real party in interest, although not a party of record, is not a competent witness as to facts which occurred in the lifetime of a person deceased, if the adverse party is the administrator who does not elect to testify.

APPEAL, by George W. Ela, from a decree of the probate court on the settlement of his account as administrator of the estate of Joseph Ela. Facts found by a referee. Joseph Ela died intestate in 1861, and in 1863 administration on his estate was taken out by George W. Ela in Merrimack county. In 1891, he was cited to settle his account as administrator, and upon this citation a decree was made by the probate court in August, 1892, from which he appealed. George W. Ela died in 1893, and April 11, 1893, administration on his estate was taken out by his next of kin and only heir, Robert L. Ela. He is the appellant of record in this proceeding. Joseph Ela was unmarried, and left as his heirs three sisters and two brothers. One of these was Richard Ela of Washington, D. C., who died January 8, 1863, leaving a widow, Lucia Ela, who died June 11, 1896, and four children, one of whom was Richard Ela. Administration was taken out on Richard's estate in Washington in 1863, in Massachusetts in 1894, and in Merrimack county, August 11, 1896.

The referee found that George W. Ela had in his hands large sums belonging to the estate of Joseph Ela. At the hearing before the referee, George W. Ela's estate was represented by his administrator, who did not testify. The appellees of record were the administrator of the estate of Elizabeth Ela, a sister of Joseph Ela, and the administrator of the estate of Richard Ela. Richard Ela, the younger, was not a party of record in the probate or supreme courts, although he was interested in the result of the proceedings. At the hearing he was admitted to testify, subject to exception, to conversations with George W. Ela, and to other matters in regard to which George W. Ela if alive might have testified. A large portion of the sums which the referee found George W. Ela had received and had not accounted for came from Ayer & Co. The books of Ayer & Co. tending to show the amounts paid to George W. Ela were admitted solely upon the testimony of Richard Ela as to their identification, the person who kept them, the handwriting of the entries, and the fact that George W. Ela had seen most of them and admitted that they were correct.

George A. Foster, administrator of Richard Ela's estate, is not defending the appeal at his own expense, was first informed of his appointment by the judge of probate, has filed no inventory, has attended no hearings, has paid no bills, has summoned no witnesses, and no estate has come into his hands. He told counsel for the plaintiffs that he should not be responsible for their fees, but they might get their pay out of any money that might be collected. He is not indemnified by any one against costs. The creditors have been paid in full, and the remainder of the estate, excepting the sums which are sought to be recovered here, had been paid over and distributed, before the institution of this proceeding, to those entitled to receive the same. There is not and has not been any agreement or understanding between the heirs of Joseph Ela, or any of them, touching the institution or prosecution of these proceedings. Margaret K. Ela, daughter of Richard Ela, Sr., gave to her brother Richard by will one third of her estate, which included her interest in this claim. April 25, 1896, Lucia Ela gave to her son Richard during her life one half and after her death the whole of the net income of her interest in the estate of Joseph Ela. August 11, 1896, Richard Ela, by his attorney, petitioned for the appointment of an administrator of the estate of his father, Richard Ela, in Merrimack county. Upon this petition George A. Foster was appointed. These letters of administration were taken out to prosecute this proceeding.

The petition citing George W. Ela to settle his account, to which Richard is not a party of record and from which this appeal was taken, was commenced by the executors of Sarah E. Gray, one of the heirs of Joseph Ela. Some adjustment having been made with these executors, they have ceased to be parties thereto.

*Samuel C. Eastman* and *Burnham, Brown & Warren*, for the plaintiffs.

*John M. Mitchell* and *Sylvester Dana*, for the defendant.

WALLACE, J. The question presented is whether Richard Ela was a competent witness. By our statute, when one party to a cause is an executor or administrator the adverse party is not allowed to testify to facts which occurred in the lifetime of the deceased, unless the executor or administrator elects to testify. P. S., c. 224, ss. 16–18. The reason and object of the statute is to put both parties upon an equal footing and to prevent the injustice of allowing the survivor to give his uncontradicted and unexplained account of transactions about which the deceased, if living, might testify. *Welch* v. *Adams*, 63 N. H. 344, 348.

In applying the statute, regard has been had to the actual situation of the parties, whether nominal or real, in order to effectually carry out its purpose and spirit. *Chase* v. *Chase*, 66 N. H. 588, 592. The real party in interest, although not a party to the record, has not been permitted to testify. *Little* v. *Riley*, 43 N. H. 109; *Perkins* v. *Perkins*, 46 N. H. 110; *Townsend* v. *Riley*, 46 N. H. 300, 308. The party of record, who was a nominal one, has been allowed to testify when the executor or administrator did not elect to. *Drew* v. *McDaniel*, 60 N. H. 480; *Emery* v. *Clough*, 63 N. H. 552, 556. And when the executor or administrator, who was the party of record, was not prosecuting or defending in his representative capacity, but was in fact the real party in interest, whether he elected to testify or not, the other party has been permitted to testify. *Harrington* v. *Tremblay*, 61 N. H. 413; *Chase* v. *Chase*, *supra*.

The defendant was represented by an administrator who did not elect to testify. Richard Ela was not a party of record, and whether he was a competent witness depends upon whether he was a real party in interest. It is apparent from the facts that the administrator of Richard Ela's estate, George A. Foster, is a mere nominal party. He has attended no hearings, paid no bills, summoned no witnesses, has informed counsel he will not be responsible for their bills, and has in reality had nothing to do with the prosecution of this proceeding. It is equally apparent that Richard Ela is one of the real parties in interest. As heir to his father's estate he has an interest in the estate of Joseph Ela, increased by one third of his sister's and all of his mother's interest. He was counsel for all the heirs of Joseph Ela's estate except the defendant, his fees being contingent upon the result. He petitioned for the appointment of an administrator on his father's estate for the purpose of prosecuting this proceeding. The reasons on which the exception in the statute is founded apply with full force to him as one of the real parties in interest in this cause. To allow him to testify to conversation with the deceased, and to transactions about which he if alive might testify, would accomplish the mischief the statute was designed to prevent. As one of the real parties in interest Richard Ela was an incompetent witness, and was improperly allowed to testify.

So many of the facts found and conclusions reached by the referee in his report are based upon the evidence of Richard Ela, that it is impossible to eliminate his evidence and leave any considerable part of the report. The report is set aside.

*Exceptions sustained.*

All concurred.