Grafton, }
Feb. 2, 1904. }

## WRIGHT v. DAVIS, *Ex'r*.

In the trial of an action against an executor who does not elect to testify, a plaintiff in interest, although not a party of record, is not a competent witness as to facts which occurred in the lifetime of the deceased.

The bank account of an alleged borrower is admissible in evidence for the purpose of proving that he made no deposit of a considerable sum of money which it is claimed he received as a loan.

A remark of counsel as to the failure of a plaintiff to testify in an action against an executor furnishes sufficient cause for setting aside a verdict, if by fair inference it conveys the information that such testimony would have been favorable to the defendant and would not have been objected to if offered.

PROBATE APPEAL, from the report of the commissioner on the estate of John L. Davis, disallowing a note for $1,200, dated May 15, 1893, payable to the plaintiff on demand. Trial by jury and verdict for the defendant. Transferred from the September term, 1903, of the superior court by *Young*, J. The note was presented to the commissioner by one Nichols, to whom the plaintiff had assigned it as collateral security.

The plaintiff's evidence tended to prove that his wife was the step-daughter of Davis; that in 1893, Davis and the plaintiff bought a house in St. Albans, Vermont, for $3,500, of which amount the plaintiff contributed $1,200; that the title to the premises was taken in the name of Davis, who gave the plaintiff the note in suit to show the extent of his interest in the property.

The plaintiff's wife was called by him as a witness and testified to the execution of and the consideration for the note. On cross-examination, she testified that $800 of the amount evidenced by the note was her money, which she expected to receive if there was a recovery in this suit; that she never loaned the money to Davis, but let her husband have it; that at the time she did not expect any one would repay it to her, but that the matter was talked over several times between Davis, her husband, and herself, and the understanding was that at some time Davis would convey the house to her. The defendant, who is executrix of Davis' will, did not elect to testify, and upon her motion all the testimony of Mrs. Wright was excluded, subject to the plaintiff's exception.

The defendant filed a set-off for money loaned to Wright and for the use and occupation of the premises by him from the time of their purchase to October, 1900; and subject to exception, she

was permitted to show their fair rental value. Subject to exception, she was also permitted to show that Davis did business with the Woodsville Loan & Trust Company and with the National Bank of Newbury, and to put in his accounts with those institutions for the years 1893 and 1894, for the purpose of proving that he furnished all the money to pay for the St. Albans house and did not have $1,200 from the plaintiff.

The defendant's counsel in his closing argument called the attention of the jury to the fact that they had not seen the plaintiff during the trial, and said that the case was conspicuous by his absence, that he knew all about the transactions which were in controversy, and could tell about them if he were present. To these remarks the plaintiff excepted.

*Frank S. Williams* (of Vermont) and *Scott Sloane*, for the plaintiff.

*Hosford & Wright* and *Smith & Smith*, for the defendant.

PARSONS, C. J. Upon the evidence brought out upon the cross-examination of the plaintiff's wife, it might be found that she was in fact a plaintiff in interest, and hence incompetent to testify in a suit in which the executrix, who was an adverse party, did not elect to testify. *Foster* v. *Ela*, 69 N. H. 460; *White* v. *Dakin*, 70 N. H. 632. The conclusion of fact, reasonably inferable from the evidence, involved in the exclusion of the testimony, is not open to exception. *Colburn* v. *Groton*, 66 N. H. 151, 160.

"When there is a question whether a particular act was done, the existence of any course of office or business, according to which it naturally would have been done, is a relevant fact." *Hall* v. *Brown*, 58 N. H. 93, 96. The fact that Davis' account in the banks with which he did business did not show any deposit of such sum as the plaintiff claimed to have loaned him had some tendency to show that he did not receive such a sum; for the jury may have thought from the course of his business that, if he had such a sum from the plaintiff to be used in payment for the house, he would have deposited it upon the account from which he made the payment. If the account had shown that on the day, or shortly after, the plaintiff claimed to have loaned Davis $1,200, Davis had deposited that sum upon his bank account, that fact would have tended to support the plaintiff's claim. The defendant could properly show that nothing of the sort took place. The evidence was relevant and competent; its weight was for the jury. The fair rental value of the premises occupied by the plaintiff was

one element in the defendant's claim for use and occupation under her set-off. The evidence to that point was not incompetent because it did not prove the whole case and establish the existence of the relationship of landlord and tenant.

The defendant's counsel rightfully called the attention of the jury to the fact that the plaintiff had not appeared before them, if there were any matters in controversy as to which he was a competent witness. That he knew all about the transactions in controversy and could tell about them if present and permitted to testify, was fairly inferable from the evidence in the case. Whether he was a competent witness to these facts against the defendant's objection, was a question of law. Whether, if incompetent, the defendant would have waived her right to object, was a question of fact. The only force to the argument arises from the inference that his testimony, if presented, would have been favorable to the defendant, and hence it must be understood counsel intended to tell the jury, and did tell them, that the defendant would have made no objection to the plaintiff's testimony "all about these transactions." This was a statement of fact not disclosed by the evidence and fatal to the verdict, if material. *Concord etc. Co.* v. *Clough*, 70 N. H. 627.

If the plaintiff could have testified as matter of law to the matters referred to, it is immaterial whether the defendant would have objected or not. If he could not, the statement was material and prejudicial. It asked the jury to infer that the plaintiff's testimony would have been favorable to the defendant because the defendant would not have objected to his testifying—a fact which was not in the case except by inference from the statement of counsel. Wright could not have testified unless the defendant consented. P. S., c. 224, s. 16. He was a party on the record and directly interested in at least one third of the note. His assignment of the note as collateral security did not affect his interest in the result of the suit. It was still direct, immediate, and certain. The error of law involved in the statement of counsel might have been corrected by the instructions to the jury. *Mitchell* v. *Railroad*, 68 N. H. 96, 117. A correct statement of the law, however, must have included a statement that the plaintiff could have testified if the defendant did not object, and made clear to the jury the meaning of counsel that the defendant was willing the plaintiff should testify. The exception as to the remarks of counsel is sustained. The other exceptions are overruled.

*Verdict set aside.*

YOUNG, J., did not sit: the others concurred.