Merrimack, }
Oct. 5, 1920. }

ROBERT M. WRIGHT *v.* FRANK R. WOODWARD.

GEORGE H. ADAMS CO. *v.* SAME.

NORTHERN RAILROAD *v.* SAME.

To an action for negligently maintaining a dam the defence was that during a state of war the dam was destroyed by the enemy's agents. Evidence that it was reported and understood that the defendant was making goods to be used to fill government war orders is relevant.

If there is no error in the admission of evidence when offered, an exception thereto is unavailing, though its inadmissibility is subsequently established, unless the excepting party thereupon moves that such evidence be stricken out.

It is within the discretion of the trial justice not to permit the further cross-examination of a witness relative to a matter about which he has been interrogated and has fully answered.

A prejudicial argument of counsel is cured if counsel before the court, though not in the presence of the jury, retract the argument, requesting the court to instruct the jury to disregard it, and thereupon the court so instructs them and finds that the trial was not rendered unfair thereby.

ACTIONS, for negligence. Trial by jury upon the question of liability, and verdict for the defendant. A view was taken by the jury. The plaintiffs sustained property loss, May 29, 1918, by reason

of the breaking away of the defendant's dam, which was located in the town of Hill.

The plaintiffs claimed, and their evidence tended to prove that the failure of the dam was due to its improper construction and negligent maintenance. The defendant claimed, and his evidence tended to show, that the dam was properly constructed and maintained, and that it was destroyed by an explosion due to the wrongful act of some third person.

The plaintiffs excepted to the admission and exclusion of certain evidence, to the argument of defendant's counsel and to the refusal of the court to give requested instructions. The facts relevant to the exceptions appear in the opinion. Transferred from the April term, 1919, of the superior court by *Marble*, J.

*Robert M. Wright, pro se.*

*Nathaniel E. Martin* and *Edward G. Leach*, for Geo. H. Adams company.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Jonathan Piper* orally), for Northern Railroad.

*Murchie & Murchie* (*Mr. Alexander Murchie* orally), for the defendant.

PLUMMER, J. Exceptions were taken by the plaintiffs to the following testimony:

"Q. Now were some of the corporations or factories that you [George H. Adams company] were selling your needles to prior to May 29, 1918, working on government war orders? A. The supposition is that they were.

Q. What proportion of your output went to companies working on war contracts? A. I don't know positively.

Q. What is your recollection of it? A. May I explain?

Court. Certainly. A. I don't positively know that they were but I know they ordered them as such.

Q. Mr. Nevins, what proportion of your output prior to May, 1918, was sold under orders as for war contracts? A. I can't say positively.

Q. Give us your best recollection. A. Under forty per cent."

The fact that it was reported and understood that the George H. Adams company was making needles to be used on war contracts would furnish a motive for the destruction of the defendant's dam

by the German government because the company obtained their power from the dam. The theory upon which the defendant began his defence to these actions was that the dam was destroyed by an agent of the German government. The evidence was, therefore, admissible to prove that the German government had a motive to destroy the dam. "Any matter of fact, the effect, tendency, or design of which is to produce in the mind a persuasion, affirmative or disaffirmative, of the existence of some other matter of fact, is relevant as an 'evidentiary fact' tending to establish the 'principal fact.' Best on the Principles of Evidence, 10, 25, 400." *Hall* v. *Brown*, 58 N. H. 93, 96; *Cleveland, etc. Ry. Co.* v. *Closser*, 126 Ind. 348. "Evidence having any tendency, however slight, to prove a particular fact, is competent to be submitted to the jury to show that fact." *Eaton* v. *Welton*, 32 N. H. 352; *Tucker* v. *Peaslee*, 36 N. H. 167, 179; 10 R. C. L. 928. "Where there is a question whether a particular act was done, the existence of any course of business according to which it naturally would have been done is a relevant fact." *State* v. *Shaw*, 58 N. H. 73; *State* v. *LaRose*, 71 N. H. 435, 437; *Wright* v. *Davis*, 72 N. H. 448; Steph. Dig., *art.* 13.

The opening of defendant's counsel indicated that the actions were to be defended upon the theory that the defendant's dam was destroyed by an agent of the German government. The evidence excepted to when offered was competent in view of the defence that the court then understood was to be presented. If in the course of the trial, the evidence became immaterial because the defendant failed to produce other evidence sufficient to substantiate the claim that the dam was destroyed by an agent of the German government, then if the plaintiffs desired the evidence admitted upon that theory excluded, they should have made a motion to strike it out. No such motion having been made, their exceptions to the evidence cannot avail them. "If, as in this case, . . . there is no error in the admission of the evidence when offered, no exception lies unless the objecting party moves to strike out the evidence after its inadmissibility has been established in the subsequent course of the trial." *Soucier* v. *Company*, 77 N. H. 118.

The plaintiff on cross-examination asked the general manager of the George H. Adams Needle company this question: "Didn't you tell Mr. Woodward that you heard there was a leak in the dam?" The question being objected to by the defendant it was excluded, and the plaintiffs excepted. Previous to the above question the record disclosed the following questions and answers:

"Q. Do you remember in the spring before the dam went out that you [the general manager] called Mr. Woodward's attention to a leak in it? A. A leak in the dam? Q. Yes. A. No, I don't remember. Q. Have any talk with him? A. No, not about a leak in the dam."

This testimony shows that the question excluded had been fully and definitely answered. Its exclusion, therefore, by the court furnishes no ground for disturbing the verdict. It was within the power of the court to exercise his discretion, and not to permit further cross-examination of a witness relative to a matter about which he had been interrogated, and had fully answered. *Free* v. *Buckingham*, 59 N. H. 219; *Watson* v. *Twombly*, 60 N. H. 491; *Baldwin* v. *Wentworth*, 67 N. H. 408; *Emerson* v. *Lebanon*, 67 N. H. 579; *Willard* v. *Sullivan*, 69 N. H. 491; *Farnham* v. *Anderson*, 75 N. H. 607; *Crawford* v. *Railroad*, 76 N. H. 29, 32.

In the course of his argument, counsel for the defendant stated in substance that he could not tell what an engineer of the defendant, who had examined the dam but was not called as a witness, would say; that all that he could say was that it costs money to try cases of this sort, and suggested to the jury that the defendant with his business all tied up (it appears on the writs which are a part of this case that his property is under attachment) may not be in a position to hire many engineers; that it might be expensive for a man to build a coffer dam whose property is all tied up. To the above argument the plaintiffs excepted.

At the close of the arguments the plaintiffs' counsel moved in substance that the court instruct the jury that the statement of counsel in argument that it costs money to try a case like this, and that the defendant might not be in a position to hire more experts because his property and business are tied up by the writs in this case, should not be considered by them in arriving at a verdict. The court in the charge instructed the jury as follows: "Counsel for the defendant has withdrawn that part of his argument to the effect that Mr. Woodward may not be in a position to hire more experts because his property and business is tied up by the writs in this case, and I accordingly ask you to disregard it." The court found that there was no reason to suppose that the instructions were not followed, and also found as a fact, so far as the court is authorized to make such a finding, that the trial was not rendered unfair by the remarks excepted to.

When counsel present to the jury an improper and prejudicial

argument, the error is cured, and the verdict will not be disturbed, if counsel withdraws the argument, requests the court to instruct the jury to disregard it, and the court does so, and makes a finding that the trial was not rendered unfair by the argument. *Greenfield* v. *Kennett,* 69 N. H. 419; *Story* v. *Railroad,* 70 N. H. 364, 376; *Hallock* v. *Young,* 72 N. H. 416, 422; *Kelsea* v. *Insurance Co.,* 78 N. H. 422.

In the present case this procedure was in substance followed. It is true counsel did not retract the argument in the presence of the jury, but he did before the court, and requested the court to instruct the jury to disregard it. The court informed the jury that counsel had withdrawn the argument, and it could make no practical difference in the effect upon the jury whether counsel withdrew the statement before them, or the court informed them that counsel had done so. If it could be said that the argument was improper, the error was cured by the action of counsel and the court.

The plaintiffs excepted to the following statement of counsel: "So, gentlemen, the fate of the defendant rests with you. His financial well-being, whether he is liable here rests with you. By that I mean, gentlemen, the claims aggregate a very large amount." There is nothing set forth in the first two sentences above quoted that was prejudicial. It was self-evident and fully known and understood by the jury that the fate of the defendant, so far as his interest in the cases was concerned, rested with them. The statement made by counsel in the last sentence although undoubtedly supported by the evidence, was immaterial to the issues on trial. But it was not of such a character as to render the trial unfair. It is not probable that the verdict was affected by the remarks. It was in effect simply calling the attention of the jury to the fact that the cases were very important. If the words excepted to could have had any influence upon the jury, it is probable that they did not, because the court specifically instructed them that the total sum for which the defendant had been sued had no bearing upon the problem they were called upon to solve, and the court found that there was no reason to suppose the instructions were not followed, and he also found that the trial was not rendered unfair by the remarks of defendant's counsel.

The plaintiffs excepted to the refusal of the court to give the following requested instructions: "There is no evidence in this case from which you can find that any explosion caused the break in the dam of the defendant, and if you find that the defendant was negligent either with respect to the construction or maintenance of his dam and reservoir, your verdict should be for the plaintiffs." This

exception cannot be sustained, if fair-minded men could find upon the evidence that the break in the defendant's dam was caused by an explosion. There were several witnesses who testified that they heard an explosion in the direction of the dam when it was destroyed. They describe the sound they heard variously as a muffled blast, a muffled explosion, and a muffled sound. One witness, who was familiar with the sounds of explosions, stated that he heard very distinctly an explosion in the direction of the dam. That it sounded like a subterranean blast, or otherwise a blast that was heavily laid. That the next thing he heard after the explosion was the roar or rush of water. Another witness said that after the explosion he heard a roaring. In view of the above testimony, as well as other evidence in the case, this court cannot hold, as a matter of law, that reasonable men could not find that the dam was destroyed by an explosion.

There is a further reason why there was no error in denying the second request of the plaintiffs. The latter part of the request is as follows: "And if you find that the defendant was negligent either with respect to the construction or maintenance of his dam and reservoir, your verdict should be for the plaintiffs." Even if the defendant was negligent in the construction or maintenance of his dam, that would not entitle the plaintiffs to recover unless they proved that such negligence caused their damage. There being no statement in the request covering this requirement, it might well have been refused upon that ground.

*Exceptions overruled.*

All concurred.