Rockingham, ⎱
Jan. 4, 1921. ⎰

### ELIZABETH A. NEWICK v. EASTHAM & a.

In assumpsit for the use and occupation of an ice-house, evidence of the cost of the property, the quantity of ice cut and housed by the defendant, the expense thereof, the price he received for the crop together with evidence of its fair market value is relevant.

ASSUMPSIT, to recover for the use and occupation of the ice-house and pond at the plant formerly occupied by the Eldridge brewery in Portsmouth. The liability was admitted. The only issue submitted to the jury was the fair rental value of the premises for the time occupied. The jury returned a verdict for $1685.

Subject to the defendants' exception, the plaintiff was permitted to show that the property cost her $6500; also the quantity of ice cut during the defendants' occupation; and by evidence of men familiar with such business, what the expenses of housing the crop would be; also the price which the defendants received for the crop cut by them on the premises during the period of their occupation, and the fair market value of such a crop when housed. Transferred from the January term, 1920, of the superior court by *Sawyer, J.*

*John L. Mitchell,* for the plaintiff.

*Samuel W. Emery,* for the defendants.

PLUMMER, J. The issue submitted to the jury was the fair rental value of the premises occupied for the time involved. All the evidence excepted to by the defendants had some tendency to show the value of the use and occupation of the plaintiff's premises, and was, therefore, competent upon that issue. "Evidence having any tendency, however slight, to prove a particular fact, is competent to be submitted to the jury to show that fact." *Eaton* v. *Welton,* 32 N. H. 352; *Tucker* v. *Peaslee,* 36 N. H. 167, 179; 10 R. C. L. 928; *Wright* v. *Woodward,* 79 N. H. 474.

*Exceptions overruled.*

All concurred.