Hillsborough, }
Jan. 5, 1937. }

ALEXANDER CHAGNON *v.* CHARLES A. PERKINS, *Ex'r.*

*James A. Broderick* and *Maurice A. Broderick (Mr. Maurice A. Broderick* orally), for the plaintiff.

*Warren, Wilson, McLaughlin & Wiggin (Mr. Wiggin* orally), for the defendant.

BRANCH, J. From the testimony of the plaintiff's wife, it might be found that she was, in fact, a plaintiff in interest and hence incompetent to testify in a suit against the executor who did not elect to testify. P. L., *c.* 336, *s.* 27; *Wright* v. *Davis,* 72 N. H. 448, 449 and cases cited. This fact was found by the trial court and his finding is not reviewable here. *Wright* v. *Davis, supra.* There was, therefore, no error in his ruling that the testimony of Mrs. Chagnon as to "matters Mr. Menancon could contradict if living," should be excluded.

This ruling destroyed whatever basis there may have been for the plaintiff's claim that the statute of limitations did not bar any por-

tion of his claim because "the evidence discloses a mutual account." There is no other evidence upon which the existence of such an account could be found, and it must, therefore, be held that the statute bars all items in the specification which accrued more than six years before the death of the testator, which occurred in February, 1930.

The ruling which excluded the testimony of Mrs. Chagnon as to "matters Mr. Menancon could contradict if living" did not affect the admissibility of the entries in the account books which she identified. *Doe* v. *Lucy*, 83 N. H. 160, 162 and authorities cited. A large number of these entries, commencing in July, 1924 and continuing down to 1930, furnished evidence upon which a verdict for the plaintiff might properly be found. Furthermore, one item in the specification amounting to $300 for a second-hand truck sold by the plaintiff to the decedent, was fully supported by the testimony of Roger Chagnon, a son of the plaintiff, whose competency as a witness was unquestioned. The plaintiff's exception to the order of nonsuit must, therefore, be sustained.

The motion of the plaintiff that he be allowed to testify was apparently based upon the theory that, since his wife was a party in interest, it followed that he was not. This is a complete *non sequitur*. His interest is equally plain, and the ruling excluding his testimony was correct.

*New trial.*

PAGE J., was absent: the others concurred.