Hillsborough, } No. 3019.
Jan. 3, 1939. }

LAURA BUXTON *v.* FRANCIS M. LANGAN.

FRANK C. BUXTON *v.* SAME.

LAURA BUXTON *v.* HARRY BUXTON.

FRANK BUXTON *v.* SAME.

*Albert J. Lemieux* and *Osgood & Osgood* (*Mr. Clinton S. Osgood* orally), for the plaintiffs.

*Devine & Tobin* (*Mr. Tobin* orally), for the defendants.

Allen, C. J. The trial court's statement that the evidence excepted to bore on the defendant's due care was broad and ambiguous in respect to any particular issue of care. It follows that if the evidence was admissible on any issue of liability, the exception cannot be sustained, since the plaintiffs made no request for its limitation of use. *Morris* v. *Railroad,* 85 N. H. 265, 274, and cases cited.

At the trial the plaintiffs' sole objection to the evidence was that it was irrelevant on the issue of testing the brakes, because there was direct evidence of the test and its manner. They now contend that the evidence of the rule or custom to test a car before renting it was unrelated to the evidence of the test claimed to be made. They say that it did not tend to show a habit of the agent to test. If it be assumed that this point may now be raised, there was evidence that the agent's engagement to rent cars had covered a substantial period of time, and it is a reasonable inference that the rule or practice established by the defendant was known to him although he did not

testify to such effect. The procedure which the defendant testified was in force was, as the fair inference from his testimony, employed by all of his agents and servants who had the assignment of renting cars, and customarily observed by them. There was no evidence that the rule was not an enforced one or that the practice was indifferently followed. It follows that it might be found that the agent made his test because in knowledge of the rule it was his habit to test.

As evidence to show why the test was made, it was competent. "When the question is whether a certain act was done, evidence of a motive for doing or not doing it should be received." *Russo* v. *Slawsby*, 84 N. H. 89, 91. "The statement . . . of the reason for making the inquiry . . . was not improper. It was a fact connected with the transaction, and was introduced as showing its probability." *Foye* v. *Leighton*, 24 N. H. 29, 36, 37. "When there is a question whether a particular act was done, the existence of any course of office or business, according to which it naturally would have been done, is a relevant fact." *Hall* v. *Brown*, 58 N. H. 93, 96. The following cases are to the same effect: *State* v. *Shaw*, 58 N. H. 73; *State* v. *LaRose*, 71 N. H. 435, 437; *Wright* v. *Davis*, 72 N. H. 448, 449; *Wright* v. *Woodward*, 79 N. H. 474, 476; *Daley* v. *Insurance Co.*, 81 N. H. 502, 506.

More broadly the rule is stated in *Guertin* v. *Hudson*, 71 N. H. 505, 509, as follows: ". . . when the truth of anything is in question and the evidence is conflicting, facts and circumstances having a tendency to show its probability or improbability are competent." In logical extension when the evidence is not conclusive or not admitted to be true, reasons and explanations are proper collateral evidence.

The axiom that "a man is more likely to do or not to do a thing, or to do it or not to do it in a particular way, as he is in the habit of doing or not doing it", (*State* v. *Railroad*, 52 N. H. 528, 549, 550) suffices to show the relevancy of evidence of habit on the issue whether certain conduct was engaged in and what it was.

While the evidence although relevant may be excluded if it may be found in a particular case to be of no aid in determining the issue to which it relates, no such finding was made here; on the contrary, the implication is that the evidence was found, as it well might be, to be of probable assistance.

The case of *State* v. *Currier*, 79 N. H. 171, cited by the plaintiffs, lays down no different rule. It goes no farther than to hold that when a transaction is "clearly described by witnesses," that fact is

evidence to support a finding of the valueless service of evidence of a general habit. It adopts no rule other than of discretionary exclusion. In a given case the issue of habit may be involved, or the evidence may be so remote or have such tendency to produce confusion in its collateral bearing on the issue to which it relates, as to call for its exclusion.

*Exception overruled.*

BRANCH, J., was absent: the others concurred.