UNITED STATES FIDELITY & GUARANTY COMPANY

*v.*

JENNIE T. DUNN & a.

*Hughes & Burns* and *Charles F. Hartnett* (*Mr. Hartnett* orally), for the plaintiff.

*Grinnell & Grinnell* (*Mr. Herbert L. Grinnell* orally), for Jennie T. Dunn, Tellis R. Wells, and Jessie L. Wells.

MARBLE, J. The plaintiff's contention that the evidence does not warrant a finding of permissive use is untenable. Levesque, called by the defendants, testified that Blais lived in his home as a member of his family; that he had allowed Blais to use his automobile on various occasions and that he was willing that he should use it if he took good care of it. In answer to the inquiry, "Did you make any limitations on this day in question about the use of the car?" he said: "No, he just told me he was going to Peabody."

On cross-examination Levesque stated that Blais, when granted permission to use the car, did not always tell him "the exact place" to which he was going, but that he did so on the evening of the accident and that the only permission granted him was to take the car to go to Peabody and return. Blais' testimony was to the same effect.

It appeared in evidence, however, that both Levesque and Blais had come to the trial with one of the plaintiff's adjusters, that they were not represented by counsel but had conferred with the plaintiff's attorneys and that one of these attorneys had told Blais, who could not afford to employ a lawyer, that he would help him if he could, that they had previously given their depositions and that plaintiff's counsel on that occasion had entered a special appearance in their behalf.

Thereupon defendants' counsel was permitted to cross-examine Levesque and to introduce in evidence a written statement given by Levesque to the defendant Wells in which Levesque declared that Blais had "permission to use my Rockne sedan that was involved in an accident with a car owned and operated by a Tellis Wells of Windham, N. H., at Salem, N. H." He testified that this statement was true and later said: "That particular night he [Blais] asked me if he could use it [the car]. I said, 'All right.' I looked over the car and said, 'You take it easy.' That was the story of that night."

While there were many apparent contradictions in Levesque's testimony, it was for the master to determine which of his assertions were true.

Levesque's testimony that he had been "willing" to let Blais drive his car on other occasions was clearly admissible on the issue of permissive use. *Buxton* v. *Langan*, *ante*, 13. See, also, *American &c. Ins. Co.* v. *Wentworth*, *ante*, 112. Levesque stated in his deposition that if

Blais had told him he was going to Manchester he "would like to have gone with him." It is suggested that this evidence was inadmissible on cross-examination of Levesque by defendants' counsel because the master by excluding similar evidence earlier in the trial had made this ruling the law of the case. A simple answer to this contention is that the exclusion occurred before defendants' counsel had been granted the right of cross-examination.

Neither Blais' default nor that of Levesque could affect the protection afforded the defendants by the indemnity provisions of the policy, for if Blais was using the car at the time and place of the accident with Levesque's consent, coverage extended to him, and the rights of the defendants became fixed. *Maryland Casualty Co.* v. *Martin*, 88 N. H. 346, 348.

The plaintiff filed forty-seven requests for findings of fact and rulings of law. All were properly disposed of by the master. The first request relating to the burden of proof is unimportant since there was "no question" in the master's mind as to the extent of the permission granted. *Aetna Life Ins. Co.* v. *Chandler*, 89 N. H. 95, 98. Various other requests call for rulings of law which the master had no authority to make (*Barry v. Bartis*, 85 N. H. 202) and which relate merely to the sufficiency of the evidence to sustain decrees for the defendants. Others catalogue the inferences that might be drawn from certain portions of the testimony and are immaterial in view of the general finding.

Levesque's written statement is the subject of numerous other requests. This statement was introduced through Levesque himself, who admitted its truth. The master was therefore entitled to treat it as affirmative evidence (*Wentworth* v. *Railroad*, 86 N. H. 251, 253), and was not obliged to accept the interpretation which Levesque, in answer to leading questions by plaintiff's counsel, placed upon it. If there was any doubt about its meaning, that doubt was to be resolved by the master, who saw Levesque and heard him testify. *Wentworth* v. *Railroad*, supra.

The plaintiff cites the case of *Liberty Mutual Ins. Co.* v. *Martel*, 88 N. H. 479, in support of six requests, but in that case there was no evidence that tended to prove permissive use. In view of the definiteness of the master's finding, the requests relating to incidental and emergency uses, "departure from the permitted route," and lack of evidence as to agency are of no moment. The request for a ruling that the meaning of the policy could not be varied by Levesque's understanding was idle inasmuch as the master did not profess

to construe the policy and the plaintiff conceded at the trial that the only question in the case was "whether there was express or implied consent" given by Levesque "for the use of his car by Blais on Thanksgiving Day, 1937." The same concession is made in the plaintiff's brief.

The remaining requests need not be considered in detail. Exceptions concerning seventeen of them are understood to be waived, and no argument other than the bare assertion of error is advanced in support of the exceptions to the denial of the others.

*Judgment for the defendants.*

All concurred.