STATE *v.* ROBERT CORNWELL.

STATE *v.* KENNETH D. CORNWELL.

*Gordon M. Tiffany*, Attorney General, and *Harry C. Lichman*, County Solicitor (*Mr. Lichman* orally), for the State.

*Ernest L. Bell, Jr., James S. Davis* and *Earl Brennan* for the respondents, filed no brief.

KENISON, C. J. During the trial the respondents objected to the allowance of the sheriff's testimony to the effect that it was customary procedure to have a deputy assist him in attaching a motor vehicle and taking possession of it in order that it could be driven away and that the procedure was followed in this case. Evidence of a custom, usage, or standard practice is generally admissible in this state for the purpose of showing conduct on a particular occasion. *State* v. *Hause*, 82 N. H. 133. The standard practice in serving process is relevant evidence on the question of whether or not it was followed in a particular case. *Hine* v. *Pomeroy*, 39 Vt. 211, 219. It does not appear that the custom in this case was contrary to law and the competency of evidence of custom is well established in this jurisdiction and elsewhere. *Buxton* v. *Langan*, 90 N. H. 13, 15; I Wig. Ev. (3rd *ed.*) *ss.* 92, 93.

Upon direct examination the sheriff was asked the following question: "Did you do anything on that day in any way to provoke this assault which is complained about?" The question was objected to on the grounds that it was a self-serving declaration. The record does not indicate that the question was answered but it has been argued by the State as though the witness had made a negative answer to the question and will be so considered. "In all trials evidence of conduct of a party which is in his favor on the issues is admitted without question and the fact that it 'self serves' him is no reason for its exclusion. Otherwise trials would obviously be greatly limited and evidence of rightful conduct to meet the charge of conduct that was wrongful would be excluded. While evidence of one's conduct and statements is to be excluded in many situations, it is by reason of some other rule than one which bars evidence because it is of a self-serving character." *Caplan* v. *Caplan*, 83 N. H. 318, 326. The sheriff's explanation of his conduct was therefore proper. Furthermore, it is consistent with the rule frequently followed here: "There is no principle of Evidence especially excluding 'self-serving' statements by an accused or by anyone else." *Clapp Co.* v. *McCleary*, 89 N. H. 65, 66; *Semprini* v. *Railroad*, 87 N. H. 279, 280; *Merchants Nat. Bank* v. *Sullivan*, 96 N. H. 430, 435.

Error is claimed in the exclusion from evidence of writs brought by the sheriff after October 6, 1950, in a civil suit against the respondents. The exclusion of this evidence is governed by *State* v. *Proctor*, 91 N. H. 347, 348: "The evidence that a civil suit had been brought . . . had no bearing to indicate the defendant's innocence or weakness in proof of his guilt."

In the direct examination of respondent Kenneth Cornwell by his counsel, he was asked if he ever had any trouble with the authorities. Upon cross-examination he was asked if he had been arrested on October 10 of the previous year for failure to contribute to unemployment compensation. The Court allowed the question "as long as it was brought out on direct examination." This cross-examination of the respondent was proper as a relevant inquiry into his credibility thereby tending to discredit him as a witness. *State* v. *Travis*, 82 N. H. 220; *State* v. *Grierson*, 96 N. H. 36, 39.

It is argued that the case should be dismissed because the evidence does not show that the officers were put in fear by the assault of the respondents. When the assault is accompanied by the infliction of actual injury, the crime is proven although no fear is occasioned thereby. See *State* v. *Gorham*, 55 N. H. 152.

In the closing argument counsel for the State urged the jury not to give too much weight to character witnesses and argued that an acquittal in this case would be a victory for lawlessness and a victory for disrespect of a court order in the county. Objection was made that the argument was prejudicial, unfair and illogical. Arguments to the jury on behalf of the State or the respondent may be rhetorical, expansive and contain some defects in logic without necessarily being prejudicial. A jury may be urged to do its duty upon the evidence presented and it was proper to point out that character witnesses were not eye-witnesses to the assault. The argument was within the limits of legitimate advocacy and similar arguments have been upheld in other criminal cases. *State* v. *Dinagan*, 79 N. H. 7, 10; *State* v. *Small*, 78 N. H. 525.

Other exceptions taken during the trial relate to discretionary rulings of the Trial Court and no error is apparent in any of them.

*Exceptions overruled.*

All concurred.