Sullivan
No. 6652

ANDERSON-NICHOLS & COMPANY, INC.

v.

DOUGLAS E. PAGE

August 27, 1973

*Upton, Sanders & Upton ( Mr. J. Gilbert Upton* orally) for the plaintiff.

*Shulins & Duncan ( Mr. Richard C. Duncan* orally) for the defendant.

GRIFFITH, J. Action in assumpsit to recover the agreed price of $50,000 for professional services rendered under the terms of a written contract entered into on May 21, 1968, between the plaintiff and the defendant. Defendant filed a counterclaim seeking damages for certain false or negligent representations allegedly made by the plaintiff to the defendant. Trial by the Court, *Loughlin,* J., resulted in findings of fact, rulings of law, verdict for the plaintiff in the amount of $50,000, and a verdict in favor of the plaintiff on the counterclaim filed by the defendant. The trial court reserved and transferred defendant's exceptions.

Defendant does not contest the verdict for the plaintiff in the amount of $50,000, but argues the evidence required the trial court to find in favor of the defendant on his counterclaim based on negligent misrepresentation.

Plaintiff Anderson-Nichols & Company, Inc. is a substantial architectural-engineering firm with offices in Boston, Massachusetts and Concord, New Hampshire. Defendant Douglas E. Page is a general contractor of some 25-years experience in the Claremont area. Page employs from 12 to 25 employees during the year including a graduate engineer who does his estimating.

Page entered into his contract with Anderson-Nichols in connection with a projected housing development in Claremont proposed by the Local Housing Authority under the U. S. Department of Housing and Urban Development commonly called HUD. The proposed development was to be a so-called "turnkey" project, the first in New Hampshire. Unlike the usual "conventional" project where the Local Housing Authority owns the land, hires the architect-engineer, and has the building built by the low contract bidder, the "turnkey" project contemplates the contractor owning the land and undertaking to build a building to be transferred to the Local Housing Authority on completion, at a price agreed upon before building is started. In the "turnkey" project, the architect-engineer is hired by the developer not by the Local Housing Authority.

On May 21, 1968, the parties entered into an agreement whereby for $50,000 the plaintiffs were to perform architects basic services for a project to be built by the defendant on certain land owned by the defendant. Preliminary plans were prepared and after conferences with HUD at their New York office, some modifications suggested by HUD were made. On December 16, 1968, HUD approved a letter of intent accepted by the Claremont Housing Authority whereby defendant was to build approximately 100 dwelling units and transfer them to the housing authority for $1,556,964.

On January 21, 1969, defendant requested the plaintiff to prepare final specifications and these were delivered March 13, 1969. On May 9, 1969, the defendant notified HUD he would build the units and transfer them for $1,818,253. HUD rejected this offer and on June 2, 1969, Page submitted an offer of $1,763,243, which was rejected as was a subsequent offer on June 3, 1969, of $1,734,479. Defendant Page never began construction and the Local Housing Authority went to an entirely different project.

The original amount of $1,556,964 established in the letter of intent established for all practical purposes a nonnegotiable amount, and when it appeared to Page that he could not perform the project for that amount, he was prevented from going ahead with the project.

It is the claim of defendant Page that the initial figure of $1,556,964 in the letter of intent at which figure he could not do the job was provided by plaintiff through their employee, Gordon Richardson. Page claims that the evidence required the court to find that Richardson negligently provided him with a figure that it was economically impossible for him to perform the contract for, and since he relied on Richardson, plaintiff is liable for his expenses and loss of profits in the amount of $87,237.

The trial court found that Page was negligent in his bidding and Anderson-Nichols was not at fault. The court denied the request of Page for findings of fact that Anderson-Nichols negligently furnished Page with the figures for the letter of intent knowing that Page relied upon them. Defendant's exceptions to the refusal of the trial court to grant these requests presents only the question of whether the evidence

considered in the light most favorable to the plaintiff required the court to grant the requests as a matter of law. *Hardware Mut. Cas. Co. v. Hopkins,* 106 N.H. 412, 213 A.2d 692 (1965).

There was evidence from which the trial court could find that nothing in the written contract required plaintiffs to assist defendant in the preparation of his bid. Richardson testified that as an employee of plaintiff, he discussed with Page the $18 per square foot cost of dwelling units built in Rochester in 1967 and after some discussion, Page thought he could build for $21.40 per square foot and that Richardson then did the computation of construction costs of the units by multiplying the square feet by the cost per foot. This figure did not include site costs, land costs, interest charges, profit and other costs necessary to arrive at the bid figure. Richardson furnished Page with a complete set of plans and specifications from the Rochester project which he testified would have provided Page with the information necessary for an accurate estimate if he had gone over the Rochester project as Richardson suggested. Page's estimator did not testify, and it does not appear Page used him in preparing his bid. This evidence would fully sustain the trial court's findings. In defendant's argument, the evidence of Page is relied upon in support of his claim that the trial court was required to find in his favor. But the trial court was not required to accept this testimony even if uncontradicted, and contradictions of testimony are for the trier of fact. *Kalman v. Hutcheson,* 111 N.H. 36, 276 A.2d 260 (1971); *Guy v. Hanley,* 111 N.H. 73, 276 A.2d 1 (1971).

*Defendant's exceptions overruled;*
*judgment for the plaintiff.*

All concurred.