Hillsborough
No. 6661

EDWARD L. PLIMPTON v. LEWIS THEOS

November 30, 1973

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *Kurt M. Swenson,* by brief, for the plaintiff.

*Winer, Lynch, Pillsbury & Howorth,* by brief, for the defendant.

GRIFFITH, J. Plaintiff drilled a well for the defendant and brought this action to recover the balance claimed due for the work performed. Defendant claimed that the plaintiff had agreed to drill the well for $1000 which he had paid. Plaintiff claimed he was to be paid at the rate of $6 per foot and that since the well was 700 feet deep he was entitled to $3200 in addition to the $1000 received from the defendant. The sole issue between the parties was whether the oral contract was for a flat rate of $1000 or that the well was to be paid for at the rate of $6 per foot. Trial by the Court, *Loughlin,* J., resulted in a verdict of $3200 for the plaintiff. Defendant's motion to set aside the verdict was denied by the trial court who reserved and transferred defendant's exceptions.

Defendant excepted to the trial court's permitting plaintiff to testify that he had never drilled a well on a flat rate basis. Testimony of habit or custom of a party is generally admissible on the issue of his intent or action in the situation in dispute. *Buxton v. Langan,* 90 N.H. 13, 3 A.2d 647 (1939); *U.S. Fidelity &c. Co. v. Dunn,* 90 N.H. 236, 7 A.2d 246 (1939); *State v. Cornwell,* 97 N.H. 446, 91 A.2d 456 (1952).

The only other exception briefed by the defendant is to the denial of his motion to set aside the verdict. He argues

that the evidence required a finding that the oral contract between the parties was for a flat rate of $1000. There were three witnesses who testified in the case. The plaintiff testified he agreed with the defendant to drill the well for $6 per foot. Defendant testified that plaintiff agreed to drill the well for a flat rate of $1000. Defendant's wife testified that she heard part of the conversation on the agreement and supported her husband's version. The $1000 was paid before the well was completed and the receipt given by the plaintiff read: "Received $1000.00, in payment on a well on Wiley Hill Road, Londonderry."

It is the function of the trier of fact to determine contradictions in testimony and since there is evidence to support the verdict it will not be disturbed on appeal. *Anderson-Nichols & Company, Inc. v. Page,* 113 N.H. 445, 309 A.2d 148 (1973); *Kalman v. Hutcheson,* 111 N.H. 36, 276 A.2d 260 (1971); *Guy v. Hanley,* 111 N.H. 73, 276 A.2d 1 (1971).

*Exceptions overruled.*

All concurred.