## STATE *v.* ADAMS.

A former conviction for illegally keeping lager beer for sale does not constitute part of the same subsequent offence, and need not be alleged to have occurred within the limit of one year before the indictment for the subsequent offence.

INDICTMENT, for the illegal keeping for sale of lager beer on the 27th day of April, 1887, with a second count alleging a former conviction of a like offence on the 5th day of July, 1882, in the police court of Concord, upon a complaint to which the defendant there pleaded guilty. The defendant moved to quash the second count on the ground that the record of the former conviction is too remote in time from the present offence, as alleged, and from the finding of the indictment, to constitute a second offence. The court denied the motion, and the defendant excepted.

*Henry Robinson*, for the defendant. I. The indictment contains two counts, one for the illegal keeping for sale of lager beer on the 27th day of April, 1887, and the other "alleging a former conviction of a like offence on the 5th day of July, 1882." Under the first alone the defendant might be liable to a fine of ten dollars, whilst under the two together he might be fined fifty dollars. The former conviction is a material part of the double offence charged, and is as necessary to be alleged and proved as the fact of a subsequent sale. *Tuttle* v. *Commonwealth*, 2 Gray 505; *Garvey* v. *Commonwealth*, 8 Gray 382; *Plumbly* v. *Commonwealth*, 2 Met. 413; *Commonwealth* v. *Harrington*, 130 Mass. 35.

The offence is made up of these two facts,—a sale and a former conviction. In the statute the expression "subsequent offence" is used. But to prove a "subsequent offence," it is necessary to show (1) a sale, and (2) a previous conviction. The one is as essential as the other, and neither alone, but both together, constitutes the offence. If one is wanting, the charge is not sustained. If, for instance, a prosecution for the sale alone was barred by the statute of limitations, it would not be claimed that an indictment alleging the sale and a former conviction would stand any better. As a rule, all the facts constituting a crime must occur within the time limited by statute, in order to sustain a prosecution. *People* v. *Miller*, 12 Cal. 291; *People* v. *Gregory*, 30 Mich. 371; *State* v. *G. S.*, 1 Tyl. 295.

On the other hand, if the first conviction occurred more than a year before the sale, it would seem to follow logically that the statutory bar would apply. If both the sale and the former conviction take place within the time limited, an indictment for the "subsequent offence" would doubtless lie; but if only one of

these essential elements, or neither of them, occurs within the time, the penalty is barred. In this case the former conviction relied on was had more than five years before the finding of the indictment, and we insist that the prosecution is now barred by statute. G. L., c. 109, s. 36.

II. The second count in the indictment was evidently drawn in accordance with s. 23, c. 109, Gen. Laws, which provides that in an indictment "for a violation of any provision of this chapter other than the first offence, it shall not be requisite to set forth particularly the record of a former conviction, but it shall be sufficient to allege briefly that such person has been convicted of a violation of any provision of this chapter, as the case may be." Article 15 of the Bill of Rights provides that "No subject shall be held to answer for any crime or offence until the same is fully and plainly, substantially and formally, described to him." An indefinite allegation, authorized by the statute, is expressly prohibited by the Bill of Rights. To allege "briefly" that the prisoner has been before convicted is not the same as alleging the offence "fully and plainly, substantially and formally." As the former conviction is briefly alleged in the second count, and not substantially and formally, the indictment is bad, and should be quashed.

*N. E. Martin*, solicitor, for the state.

SMITH, J. The keeping of lager beer for sale by a person not an agent for the purpose of selling spirituous liquors is punishable by a fine of ten dollars, and for any subsequent offence, by a fine of fifty dollars. G. L., c. 109, s. 15. No indictment for the violation of this statute can be found, unless the offence was committed within one year before the first day of the court at which it is prosecuted. G. L., c. 109, s. 36.

The indictment, in this case, found at the October trial term, 1887, charges the respondent with the illegal keeping for sale of lager beer, April 27, 1887, and alleges a former conviction of a like offence July 5, 1882, in the police court of the city of Concord, upon a complaint to which he pleaded guilty. The motion to quash is put upon the ground that neither the first offence nor his conviction thereof was within one year before the first day of the term when this indictment was found. If this is a good reason for quashing the indictment, it must be because the first offence is a part of that charged. But no part of the offence charged in this indictment was committed in 1882. The keeping for sale in that year, and the alleged keeping for sale in 1887, are separate and complete acts, and separate offences. If the allegation of a former conviction should be stricken out, the change would not render the offence charged less complete. It is true the heavier sentence for a subsequent offence cannot be imposed in the absence of an allegation and proof of a prior conviction. In some sense,

therefore, the additional punishment may be said to be a consequence of the first conviction, but it is not a necessary consequence. It can only arise on a second conviction, and the offender being apprised of it in advance, is left free to brave or avoid it. *Rand* v. *Commonwealth,* 9 Gratt. 743. Lord *Campbell,* in *Reg.* v. *Clark,* Dears. 198, observed,—"A statement of a previous conviction does not charge an offence. It is only the averment of a fact which may affect the punishment. The jury do not find the person guilty of the previous offence; they only find that he was previously convicted of it, as an historical fact."

The statute merely makes a distinction in the punishment inflicted for a first and subsequent conviction. The offence is the same in either case. The offender is not subjected to increased punishment for the first violation, nor is he a second time put in jeopardy for it. The heavier punishment is for persisting in wrong by repeating the offence. *People* v. *Stanley,* 47 Cal. 113; *Rand* v. *Commonwealth,* 9 Gratt. 743; *Ross's Case,* 2 Pick. 165; *Plumbly* v. *Commonwealth,* 2 Met. 413; 1 Bish. C. L. (6th ed.) *s.* 965. The punishment is more severe because of the character of the offender; because the discipline of his former punishment has failed to enforce his obedience to the law which he had previously violated; and because the reforming influence of the previous sentence has been tried in vain. The statute does not punish him anew for the prior offence, but to compel obedience by imposing a severer penalty when the milder sentence has failed in that respect. *Commonwealth* v. *Mott,* 21 Pick. 492; *Bump* v. *Commonwealth,* 8 Met. 533; *Phillips* v. *Commonwealth,* 3 Met. 588; 1 Bish. C. L. (6th ed.) *ss.* 959–965. Even a pardon of the first does not prevent the infliction of the heavier punishment on the second or subsequent offence. *Mount* v. *Commonwealth,* 2 Duvall (Ky.) 93.

It is objected that the offence charged in the second count is not "fully and plainly, substantially and formally, described" to the respondent as required by Art. 15 of the New Hampshire Bill of Rights. The provision of *s.* 23, *c.* 109, Gen. Laws, that it shall not be requisite to set forth particularly the record of a former conviction, but that it shall be sufficient to allege briefly that the person complained against has been convicted of some violation of said chapter, is to be so construed as to give full effect to the constitutional protection. The former conviction being a part of the description and character of the offence intended to be punished, because of the higher penalty imposed, it must be alleged; and we think it is sufficiently described when, as in this case, the court, time, offence, and fact of conviction on a plea of guilty are set forth. The respondent cannot fail to understand from the indictment that he is charged with an offence aggravated by its repetitious character, and he is informed where the record of his former conviction may be found. He is not left in doubt what the evi-

dence upon that part of the case will be.   The prior conviction can be proved only by the record.  *Commonwealth* v. *Holley*, 3 Gray 458, 459.   The record is conclusive.   None of the facts recited in it are open to be controverted.   As the offence charged is shown to be a second one by the record and proof of personal identity, the facts constituting the former offence need not be alleged in this indictment.   The jury do not inquire whether he was guilty of the offence charged in the former indictment, but whether he is the person who was convicted.

This question is not, perhaps, now open to the respondent, it not having been raised at the trial.   So far as appears, the evidence of former conviction was received without objection, but as it has been argued we have considered it.

*Exceptions overruled.*

ALLEN, J., did not sit: the others concurred.