Rockingham
No. 6821

STATE OF NEW HAMPSHIRE

v.

ROGER BACON

April 30, 1974

*Warren B. Rudman,* attorney general, and *Gregory H. Smith,* attorney (*Mr. Smith* orally), for the State.

*Alfred Catalfo, Jr.* and *Daniel M. Cappiello* (*Mr. Catalfo* orally) for the defendant.

LAMPRON, J. Indictment charging the defendant with a sale on November 21, 1972, of a controlled drug, namely marijuana, in violation of RSA 318-B:2 (Supp. 1973). Trial by jury resulted in a verdict of guilty. Defendant's exceptions, including that to the denial of his motion to set aside the verdict on several grounds, were reserved and transferred by *Morris,* J.

In the evening of the above date, the defendant agreed to and did meet two strangers in the hallway below his second-floor apartment. They were in fact two State police officers dressed as "hippies" in the role of undercover agents. The meeting followed a telephone call to the defendant from a friend of his named Gary who told him that he had been speaking to a couple of "guys" and asked if it was "all right" to send them to his apartment to buy marijuana. Defendant testified that he told Gary: "Well, have them come over" "maybe I can let them have some of my own". The defendant also testified to the following conversation in his hallway with the so-called "hippies": "You got any grass?" "Well, I really don't." "Well, we were speaking to Gary." "Well, I have some of my own." One of the officers testified that the defendant then went upstairs and returned with a plastic bag "with a vegetable material in it". The officer said "How much for this?" and defendant's reply was: "$15.00." The defendant further testified "so finally I sold them that [marijuana he had bought in Boston for $20] for less than I paid for it because it was a little gone." There was evidence that all of the above took place in about eight to ten minutes.

This court has held recently in *State v. Stone,* 114 N.H. 114, 316 A.2d 196 (1974) that such a transfer of a controlled drug constitutes a sale under RSA 318-B:2 (Supp. 1973) even if the defendant makes no profit from the transaction. Hence the defendant was not prejudiced, as he claims, by the fact that a written request addressed to the criminal laboratory

for an examination of the contents of the plastic bag which defendant transferred to the officer was marked as an exhibit. The words "sale" and "hold for evidence" appearing thereon, on which defendant bases his claim, could not convey a prejudicial meaning to the jury as the defendant admitted the transaction, which in law constituted a sale. *State v. Stone supra.* The exhibit was material to establish an unbroken continuity in the custody of the substance obtained from the defendant. *State v. Nickerson,* 114 N.H. 47, 314 A.2d 648 (1974).

The defendant also claims that the actions of the officers constituted entrapment. He maintains that the trial court erred in refusing to submit this issue to the jury to be determined as a question of fact after instructing them on the legal elements which constitute entrapment. The nature of the defense of entrapment, the two main views in regard to it, and under what circumstances it is an issue for the jury, have been disucssed fairly recently by this court in *State v. Groulx,* 106 N.H. 44, 203 A.2d 641 (1964), and *State v. Campbell,* 110 N.H. 238, 265 A.2d 11 (1970), and by the United States Supreme Court more recently in *United States v. Russell,* 411 U.S. 423 (1973).

In summary the general purpose of the defense is to prevent a defendant from being convicted of a crime manufactured by law enforcement officers. *Lopez v. United States,* 373 U.S. 427, 434-35 (1963). Two criteria have been used to determine its existence. The first is the origin of intent or subjective test which focuses on the intent or predisposition of the defendant to commit the crime. The second is the objective test which focuses on whether the government instigated the crime. *United States v. Russell,* 411 U.S. 423 (1973); *see People v. Turner,* 390 Mich. 7, 210 N.W.2d 336 (1973). This court stated in *State v. Groulx,* 106 N.H. at 47, 203 A.2d at 642, "that the defense is becoming less subjective and more objective." The commission which recommended the adoption of the present statute defining the defense of entrapment (RSA 626:5 (Supp. 1973) eff. Nov. 1, 1973), *viz:* when the methods used to obtain such evidence were such as to create a substantial risk that the offense would be committed by a person not otherwise disposed to commit it, made the following com-

ment in its report: "This section proposes that the test be the risk that an honest man would respond to the inducement or opportunity by committing the crime." Report of Commission to Recommend Codification of Criminal Laws 14 (1969). As recommended and adopted, RSA 626:5 (Supp. 1973) states in part in express terms that "conduct merely affording a person an opportunity to commit an offense does not constitute entrapment."

It is well settled that if the evidence presents an issue of entrapment, it is a question of fact to be submitted to the jury for determination. *State v. Campbell*, 110 N.H. 238, 241, 265 A.2d 11, 14 (1970). On the other hand, if there is no basis in the evidence on which the jury could properly find entrapment, the trial court should not submit the issue to the jury. *State v. Groulx*, 106 N.H. 44, 203 A.2d 641 (1964). There is no evidence that the officers made false representations to the defendant or appealed to his sympathy or practiced trickery on him or indulged in any conduct other than to afford him "an opportunity to commit" the offense of which he was convicted. RSA 626:5 (Supp. 1973). We hold that on the record the conduct of the officers could not be found to constitute entrapment and the trial court properly refused to submit the issue to the jury which eliminated the need to give the instructions requested by the defendant. *State v. Groulx supra.*

The defendant also claims that under Rule 90-B of the Superior Court the prosecuting attorney was compelled to furnish to his counsel any records of statements alleged to have been made by him at the time of this sale. The rule by its terms refers to statements or confessions signed or unsigned made to law enforcement officers and a list of tangible objects obtained from the defendant. It is evident the rule is directed to the discovery of statements made after a crime has been committed and not conversation which is concomitant with the commission of the crime, as in this case. *See State v. Superior Court*, 106 N.H. 228, 208 A.2d 832 (1969).

Defendant also assigns as error the failure of the trial court to charge the jury, as he requested, on the lesser crime of possession of marijuana. RSA 318-B:26 I (b) (2) (Supp. 1973).

It is well-settled law that a defendant is entitled to a charge on a lesser-included offense whenever the jury may find him guilty of that offense while acquitting him of the greater. *State v. O'Brien,* 114 N.H. 233, 317 A.2d 783 (1974); *Keeble v. United States,* 412 U.S. 205 (1973). In this case, however, the only evidence which could constitute possession by the defendant is the transaction which constituted a sale under RSA 318-B:2 (Supp. 1973). There was no other proof of possession of marijuana by this defendant. Hence either he was guilty of the charge of selling marijuana or he was innocent. *See State v. Allen,* 292 A.2d 167, 170 (Me. 1972). We hold that the trial court properly refused to charge on the lesser offense of possession. *State v. O'Brien supra.*

Finally testimony given by the undercover agents characterizing their informant as an "unknown white male" and the prosecutor's closing argument that the defendant had "found buyers in the street" were neither inaccurate nor prejudicial. Counsel was not testifying or furnishing the jury with information as of his own knowledge. *State v. Small,* 78 N.H. 525, 529, 102 A. 883, 886 (1917). The argument was justified by the evidence and did not exceed the bounds of legitimate advocacy. *State v. Baron,* 98 N.H. 298, 99 A.2d 912 (1953).

*Exceptions overruled.*

All concurred.