740

Nashua District Court
No. 6786

STATE OF NEW HAMPSHIRE V. RICHARD S. DUNPHY

November 29, 1974

*Warren B. Rudman,* attorney general, and *Edward N. Damon,* attorney *(Mr. Damon* orally), for the State.

*Prolman & Holland (Mr. Francis G. Holland* orally) for the defendant.

KENISON, C.J. On July 20, 1973, defendant was arrested in Nashua, New Hampshire, and charged with the unlawful possession of a controlled drug in violation of RSA 318-B:2 (Supp. 1973). The complaint specified that this was a second offense based on the allegation that the defendant was arrested in 1971 for "unlawful possession and dispensing" of a controlled drug and subsequently convicted in 1972. At the probable cause hearing in August 1973, defendant's motion to dismiss the complaint for failure to state an offense

for which he could be charged was denied. Defendant's exception to the denial was reserved and transferred by *Harkaway,* J. The important question of statutory interpretation raised by this appeal is whether under the provisions of RSA ch. 318-B, the Controlled Drug Act, an individual may be charged with a second offense of possession of a controlled drug when the first offense was a conviction for selling a controlled drug.

Although it is not clear from the record whether the 1972 conviction was only for sale of a controlled drug, or for possession of a controlled drug as well, the court below found it to be a conviction for sale, and, therefore, we will proceed on that assumption.

The structure of RSA ch. 318-B revolves around the basic prohibition of RSA 318-B:2 which makes it unlawful for any person to manufacture, possess, sell, control or dispense any controlled drug as defined in RSA 318-B:1 VI, except as authorized by the Act. For infractions of this prohibition, RSA 318-B:26 delineates various penalties depending on the nature of the offense. At the time of the crime in question, manufacture, sale, or dispensing of a controlled drug was punishable by imprisonment for not more than ten years or fine of not more than $2000 or both for the first offense. Each subsequent infraction was punishable by imprisonment for not more than fifteen years or a fine of not more than $5000 or both. Laws 1969, ch. 421, RSA 318-B:26 I (a) (2). Possessing or controlling any controlled drug carried a maximum penalty of one year's imprisonment or a $500 fine or both for the first offense. Each subsequent infraction warranted a maximum imprisonment of three years or a maximum fine of $1000 or both. Laws 1969, ch. 421, RSA 318-B:26 I (b) (2). Amendments effective October 31, 1973, altered these sections to conform with the new criminal code. *See* RSA 318-B:26 I (Supp. 1973); RSA 651:2 (Supp. 1973).

Defendant's basic contention is that the unavoidable interpretation of RSA 318-B:26 requires possession and sale to be distinct offenses with distinct penalties. A conviction for sale, according to this argument, cannot be combined

with a subsequent conviction for possession to invoke the harsher penalties for subsequent offenses. Defendant reads the language "each subsequent offense" in RSA 318-B:26 I (a) (2), (b) (2) to mean each subsequent offense of precisely the same type.

To strengthen his position defendant points out that if a combination of different offenses is allowed for the purpose of charging one with a subsequent offense the results would be absurdly unfair. One could commit exactly the same two offenses in different order thereby activating the possibility of radically different penalties. For example, a conviction for possession followed by one for sale would warrant a maximum penalty of fifteen years or a $5000 fine or both, whereas a conviction for sale followed by one for possession would warrant a maximum of only three years or a $1000 fine or both. In both instances, the individual has committed the same acts but may be punished quite differently.

Although this reasoning has superficial appeal, it ignores the crucial place that the order in which the offenses are committed plays in the statutory framework. Logically, the legislature would provide a more severe penalty for sale following possession since sale was deemed more reprehensible and therefore warranted some greater measure of possible deterrence and punishment. *State v. Adams,* 64 N.H. 440, 442, 13 A. 785, 786 (1887); *see* H. Packer, The Limits of the Criminal Sanction 39-48 (1968). As defendant himself recognizes in quoting *State v. Stone,* 114 N.H. 114, 116, 316 A.2d 196, 197 (1974), RSA ch. 318-B "places a heavier penalty on those who sell or distribute drugs than on those who merely possess or have them under their control", and this applies to subsequent offenses as well.

The wording of RSA 318-B:27 further erodes the strictly literal interpretation of "each subsequent offense" advocated by defendant. That section which directly follows the one at issue states that "in the case of any person charged with a violation of any provision of this chapter who has been convicted of a violation of the laws of . . . any state . . . relating to controlled drugs . . ., such previous conviction shall be deemed a prior offense." No limitation as to the nature of

the antecedent offense is imposed, but defendant would have us read RSA 318-B:27 to encompass only those situations where the prior and subsequent offenses are identical and where the previous violation occurred in another state. The plain meaning of the provision is not so circumscribed.

Although at least two interpretations of a statute are possible in many situations, we agree with the State that in interpreting RSA 318-B:26 it must be approached as part of a totality and viewed in terms of what it was enacted to accomplish. *Costoras v. Noel,* 100 N.H. 81, 83, 119 A.2d 705, 706 (1956); Llewellyn, *Remarks on the Theory of Appellate Decision and the Rules of Canons About How Statutes are to be Construed,* 3 Vand L. Rev. 395, 399-406 (1949). As indicated by the legislative history, RSA ch. 318-B was intended to be a comprehensive tool for dealing with the problem of drugs. N.H.S. Jour. 1210 (1969). Consonant with that purpose RSA 318-B:2 proscribes sale as well as possession. Section 26 of that statute gives the prohibition force by providing appropriate penalties for first and subsequent offenses. And section 27 of that statute makes it clear what a subsequent offense is by defining a prior offense broadly. To confine ourselves to a strictly literal interpretation as defendant would have us do would be to ignore the basic tenor of the statute. *See,* Frank, *Words and Music: Some Remarks on Statutory Interpretation,* 47 Colum. L. Rev. 1259, 1264 (1947).

Nor does a broad interpretation of "subsequent offense" to include offenses of a different nature leave a defendant with a choice of penalties as defendant contends. The last offense committed will be determinative. If one is, for example, convicted of sale and then of possession, the penalty for a subsequent offense of possession under RSA 318-B:26 I (b) (2) would apply rather than that of sale under RSA 318-B:26 I (a) (2).

Defendant contends that *State v. Bacon,* 114 N.H. 306, 310, 319 A.2d 636, 639-40 (1974), holds that possession cannot be a lesser offense included in the offense of sale. In *Bacon* it was held that since there was no evidence in that case of possession except for the sale charged, an acquittal of the charge of sale by conviction of a lesser offense of possession would be unwarranted.

Accordingly, the conclusion of the trial court is sustained and the order is

*Defendant's exception overruled.*

All concurred.