Rockingham
No. 7070

STATE OF NEW HAMPSHIRE

v.

KENNETH GAIOLAS

April 30, 1976

*David H. Souter,* attorney general and *Richard B. McNamara,* attorney *(Mr. McNamara* orally), for the State.

*DiFruscia, Gorham & Marden* of Massachusetts and *Sanford Roberts (Mr. Reginald Marden* orally) for the defendant.

GRIFFITH, J.    Defendant was found guilty after a trial by jury of larceny of a Zenith television set from the J.M. Fields store in Salem. The defendant's exception to the trial court's permitting to stand an alleged prejudicial remark in the prosecutor's closing argument was reserved and transferred by *Cann*, J.

On September 15, 1973, a shipment of Zenith television sets had been delivered to the J.M. Fields store in Salem and stored in a locked area near the door of the store. The store's manager testified that at 6:30 p.m. that night he found the gate to the locked area open. He observed a man he identified as the defendant placing a box of the type used to crate television sets into the trunk of a car. The assistant manager inquired if the man "had the papers" for the television set, and was told they were in the store. After the man drove off, the assistant manager determined that one of the television sets was missing. He telephoned the Salem police and gave them the license number of the car he testified defendant was driving. The car belonged to an Allen Augervich, who lived with the defendant. The defendant testified at the trial admitting he had driven the car earlier that day but denied having been at J.M. Fields or that he had stolen the television set.

The trial turned on the credibility of the defendant's testimony and the accuracy of the assistant manager's identification. The prosecutor in argument summarized the assistant manager's testimony, stressing the fact that the identification of the defendant as the man who drove with the television set was not based on a fleeting glance, but rather on a face-to-face confrontation during which the parties conversed. The prosecutor then said, "This is no case of mistaken identity. That defense of mistaken identity was manufactured in this courtroom." The defendant's counsel objected to the phrase "manufactured in this courtroom" and excepted to the court's ruling permitting it to stand. In his brief, defendant asserts that this statement amounts to the introduction during final argument of material facts not in evidence and constituted a violation of due process.

Whether due process is violated is not to be determined by isolation of a phrase from the record of the prosecution's argument. In the context in which the phrase was used the phrase constituted an attack on the credibility of the defendant. The prosecutor went on to state, "It [mistaken identity] did not occur out at J.M. Fields on September 15th of last year, — well, and that T.V. he saw in the trunk, he knew that T.V. and the carton to it. That was his job, and he spotted it right away, and he told you so. And if you have any

doubt still, to go even further look at the facts that came out during this trial." The fact that an inference is stated in a positive fashion does not constitute testifying by the prosecutor nor does he thereby furnish the jury with information of his own knowledge. *State v. Bacon,* 114 N.H. 306, 310, 319 A.2d 636, 640 (1974). The statement in issue constituted a reasonable inference to be drawn from the testimony and identification of the defendant by the store manager. While new trials have been denied even in cases where the prosecutor's remarks transgress the bounds of legitimate advocacy *(See, e.g., Commonwealth v. MacDonald,* 333 N.E.2d 189 (Mass. 1975); *United States v. White,* 486 F.2d 204 (2d Cir. 1973)), in the present case there was no such transgression. *State v. Nelson,* 103 N.H. 478, 490, 175 A.2d 814, 822-23 (1961); *State v. Cornwell,* 97 N.H. 446, 448, 91 A.2d 456, 458 (1952).

*Exception overruled.*

All concurred.