Strafford
No. 79-157

THE STATE OF NEW HAMPSHIRE

v.

JESSIE M. RULLO

March 5, 1980

*Thomas D. Rath*, attorney general and *Richard B. McNamara*, assistant attorney general (*David L. Harrigan*, assistant attorney general, orally), for the State.

*Fisher, Parsons & Moran*, of Dover (*Edward T. Clancy* orally), for the defendant.

BROCK, J.   The defendant seeks to have her conviction for murder in the second degree (RSA 630:1-b) set aside on the grounds that there was insufficient evidence presented by the State to prove that she "knowingly" committed the crime, that the State presented insufficient evidence to overcome her insanity defense, and that the trial court erred in admitting evidence concerning her intoxication at the time of the offense. Finding no error, we affirm the conviction.

In September 1978, Jessie Rullo was indicted by the Strafford County Grand Jury on a charge that she was guilty of second-degree murder in the death of her husband, Dominic. Although one of her defenses was insanity, defendant did not request a bifurcated trial and waived trial by jury. Her trial before the Court (*Cann*, J.) commenced on October 30, 1978.

During the trial, it was established that on the morning of April 11, 1978, the decedent was found dead in bed, his head covered with blood. The medical examiner testified that death resulted from several powerful blows administered to the head with a blunt instrument. It appeared that the decedent was asleep at the time the first blow was delivered and that death occurred instantaneously.

The State's evidence established that the defendant and her husband had been quarreling on the evening of April 10, 1978, continuing into the early morning hours of the 11th. During this time, both Rullos were drinking and there was evidence that the defendant had taken valium. Sometime during this episode, the defendant ran out of the house, but the decedent followed and forced her to return to their bedroom where he apparently passed out. Thereupon, the defendant went outside to their garage, obtained an ax and returning, used the blunt side of the tool to kill her husband.

The defendant relied on the defense of insanity. She presented two psychiatrists who testified that the defendant's act was caused by a mental disease. Although the State vigorously cross-examined the defendant's experts, it presented no psychiatric expert of its own during the trial.

At the close of all the evidence, the trial court found that the defendant knowingly caused the death of Dominic Rullo and that her act was not the product of a mental disease. Accordingly, the defendant was found guilty as charged and sentenced to a term of imprisonment at the New Hampshire State Prison. Thereafter, the defendant moved to set aside the verdict, which motion was denied. The defendant's exceptions were reserved and transferred to this court.

■ The defendant does not so much dispute that there was sufficient evidence offered by the State to prove the essential elements of the offense of second-degree murder as she does that the State failed to produce any evidence to overcome her insanity defense. In considering a defense motion for a directed verdict, however, we construe the evidence in the light most favorable to the State. *State v. Breest*, 116 N.H. 734, 741, 367 A.2d 1320, 1326 (1976). Moreover, the State is entitled to the benefit of all reasonable inferences that arise from the evidence. *State v. Berry*, 117 N.H. 352, 355, 373 A.2d 355, 357 (1977). We conclude that in the instant case, a reasonable trier of fact could find that the defendant was guilty as charged and that the defendant was sane at the time the offense was committed. *See Jackson v. Virginia*, 99 S. Ct. 2781 (1979).

152

■ The State, of course, had the burden of proving beyond a reasonable doubt that the defendant knowingly caused the death of her husband. RSA 626:2. Thereafter, the defendant bears the burden of establishing, by a preponderance of the evidence, the affirmative defense of insanity. RSA 651:8-a (Supp. 1979); RSA 626:7 I(b); *Novosel v. Helgemoe*, 118 N.H. 115, 127, 384 A.2d 124, 131 (1978). Such an apportionment of the burden of proof violates no constitutional guarantee. *Patterson v. New York*, 432 U.S. 197 (1977).

The defendant contends that she met her burden insofar as her defense of insanity is concerned. She argues that because she presented two psychiatric witnesses while the State produced none, her "uncontradicted" expert testimony requires a finding of insanity. We disagree.

■ In a different context, we have recently reasserted the principle that the determination of insanity is one to be made by the trier of fact, not the expert witnesses. *State v. Hudson*, 119 N.H. 963, 409 A.2d 1349 (1979); *Moore v. Duckworth*, 99 S. Ct. 3088 (1979). The defendant's reliance on the State's failure to produce its own expert witnesses is misplaced in that the State need not always produce such witnesses. *State v. Hudson supra; Buzynski v. Oliver*, 538 F.2d 6 (1st Cir. 1976).

■ The defendant argues, however, that her expert witnesses conclusively established that she suffered some type of disassociative reaction at the time of the murder and was therefore insane. We observe that the trier of fact is not bound by an expert's testimony even when it is uncontradicted. *E.g., United States v. Collins*, 491 F.2d 1050 (5th Cir. 1974), *cert. denied*, 419 U.S. 857; *Mims v. United States*, 375 F.2d 135 (5th Cir. 1967). It may accept or reject in whole or in part the expert's testimony. *People v. Robertson*, 34 Ill. App. 3d 762, 340 N.E.2d 213 (1975); *Commonwealth v. Kostka*, 370 Mass. 516, 350 N.E.2d 444 (1976); *Johnson v. State*, 235 Ga. 486, 220 S.E.2d 448 (1975).

We conclude that the trial court could reasonably have found that the defendant failed to meet her burden of proof on the issue of insanity. This is particularly so in light of other evidence offered by the State concerning defendant's conduct and statements to others as well as the State's vigorous cross-examination, which substantially undermined the experts' testimony. Accordingly, we affirm the denial of her motion for a directed verdict.

The defendant further argues that it was error for the State to theorize that she was intoxicated at the time of the murder. She argues that this error was compounded when the prosecuting attorney argued this theory to the trial court in his closing argument. We disagree.

█ █ At trial, the State produced evidence that a sample of the defendant's blood taken approximately two to three hours after the murder revealed a blood alcohol level of 0.08 percent. The evidence indicated that the defendant consumed no alcoholic beverages in the hours between the commission of the crime and the examination so that her blood alcohol level at the time of the murder was probably greater. In addition, the defendant admitted to an examining physician that she had consumed several alcoholic drinks in the hours before the murder, as well as one valium. From this evidence, a reasonable inference arises that the defendant was under the influence of alcohol at the time of the murder. When an inference can be reasonably drawn from the evidence, there is no error in commenting upon that inference. *State v. Gaiolas,* 116 N.H. 216, 356 A.2d 695 (1976); *see State v. Nelson,* 103 N.H. 478, 175 A.2d 814 (1961), *cert. denied,* 369 U.S. 879 (1962).

*Exceptions overruled.*

All concurred.