458

Rockingham
No. 79-131

### THE STATE OF NEW HAMPSHIRE

v.

### RICHARD H. CARROLL

June 25, 1980

*Gregory H. Smith,* acting attorney general, and *Peter W. Mosseau,* attorney (*Michael A. Pignatelli,* attorney, orally), for the State.

*Mulvey & Thornton P.A.,* of Portsmouth (*Michael P. Thornton* orally), for the defendant.

BROCK, J. The defendant was found guilty of incest (RSA 639:2) after a jury trial in the Rockingham County Superior Court. This

appeal involves the defendant's objections to certain remarks made by the prosecutor in his closing argument to the jury. The defendant's exceptions were reserved and transferred to this court by *King*, J. We affirm.

The indictment upon which the defendant was tried alleged that "on or about" November 2, 1978, he did "with force and arms . . . have sexual intercourse with [the prosecutrix], his natural daughter, [a minor]." Pursuant to Superior Court Rule 100, the defendant notified the county attorney's office of his intent to rely on an alibi defense and supplied the name and address of his alibi witness. Prior to trial, defendant's counsel deposed the prosecutrix and elicited testimony from her that indicated the alleged act occurred on November 2, 1978, at about 6:00 p.m.

At trial, the prosecutrix testified, substantially in accord with her deposition, that on November 2, 1978, at approximately 6:00 p.m. at her home, she asked her father for money so that she could go to a disco dance at the Seacrest Laundromat and that he then had intercourse with her. When asked how she remembered the date, she replied "[i]t was two days before my brother tried to hang himself." Another witness subsequently testified and verified that the prosecutrix' brother had indeed attempted suicide on November 4, 1978. During cross-examination, the prosecutrix also testified that a local police officer had jokingly once asked her out for a date.

The prosecutrix' mother, defendant's wife, testified that on November 2, 1978 at 6:00 p.m. she was visiting neighbors and that when she returned the prosecutrix had gone to a dance but that the defendant was home.

The defendant attempted to refute his presence in the home that evening through the testimony of an alibi witness who testified that on November 2, 1978, he and the defendant ran errands and drank at a bar from 4:30 p.m. until midnight. The defendant also attempted to discredit the prosecutrix' veracity by calling as a witness the police officer who was supposed to have asked the prosecutrix for a date. He testified that he had never asked the prosecutrix out for a date. As the final defense witness, Mrs. Costello, director of the activities at the Seacrest Laundromat, testified that the only disco dance ever held there was a Halloween dance on October 27, and that there was no dance on November 2.

After the evidence was closed, the defendant objected to the prosecutor's closing argument to the jury that they could find the defendant guilty if they believed beyond a reasonable doubt that

he committed incest "on or about" November 2. The trial court overruled the objection and noted the defendant's exception. The court's charge to the jury also included a verbatim reading of the indictment, including the "on or about" language, to which the defendant did not object.

The sole issue presented to us by the defendant's brief relates to the defendant's contention that "[w]here the State has centered its entire case from investigation and indictment through opening argument and State's evidence on the premise that the alleged offense occurred on a specific date and time, [it is] a denial [of] the defendant's right to a fair trial to permit the State in its closing argument to argue that the jury could bring back a guilty verdict even if they believed that the alleged offense occurred on a date and time other than that alleged."

■ ■ The record before us does not support this argument. At trial, the prosecutor made a short opening statement during which he told the jury: "It was in Portsmouth . . . on November 2 of 1978 that, to the best of [the prosecutrix'] memory, this event took place. [The prosecutrix] will testify as to why she believes and the reasons that she uses to specify November 2nd as the date." The prosecutrix did so testify. The county attorney in his closing remarks to the jury argued that the date and time alleged in the indictment was "on or about" November 2; that the prosecutrix remembered the date because she went to a dance and because it was two days before her brother had tried to hang himself, and that "time blurs in the mind of a child" and that the question for the jury was whether the alleged crime took place, and if so, whether it took place on or about November 2. Although it is true that the prosecutor may not introduce material facts not in evidence during his closing argument, *State v. Gaiolas*, 116 N.H. 216, 218, 356 A.2d 695, 696 (1976); *see State v. Baron*, 98 N.H. 298, 299, 99 A.2d 912, 913 (1953), he may argue facts that can reasonably be inferred from the evidence presented, *State v. Rullo*, 120 N.H. 149, 153, 412 A.2d 1009, 1012 (1980). The record before us supports the conclusion that the prosecutor based his closing argument on evidence which had been properly admitted at trial.

■ ■ The test for the sufficiency of an indictment is whether the complaint informs the defendant of the offense with which he is charged with sufficient specificity to enable him to prepare for trial and at the same time protect him from being put in jeopardy once again for the same offense. *State v. Inselburg*, 114 N.H. 824,

827, 330 A.2d 457, 459 (1974). However, the defendant did not raise the question of the sufficiency of the indictment below and therefore has waived the claim. *State v. Pelillo*, 117 N.H. 674, 675, 377 A.2d 615, 616 (1977). The defendant cannot now complain that he was prejudiced because the prosecutor used the "on or about" language of the unchallenged indictment in his closing argument to the jury.

Defendant also claims that it was error for the trial court not to give one of his requested jury instructions. The record indicates, however, that the defendant neither objected to nor took any exceptions to the court's charge to the jury. Accordingly, any complaints defendant might now have concerning the court's jury charge are deemed waived. *State v. Gullick*, 120 N.H. 99, 411 A.2d 1113 (1980). No other exceptions being briefed and argued, they are waived.

*Exception overruled; affirmed.*

KING, J., did not sit; the others concurred.