Merrimack
No. 83-084

## THE STATE OF NEW HAMPSHIRE

v.

## SEAN D. SHEEDY

July 2, 1984

*Gregory H. Smith*, attorney general (*Donald J. Perrault*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

DOUGLAS, J.   The defendant was convicted of "wilfully intercepting" telephone conversations in violation of RSA 570-A:2, I (Supp. 1983). He appeals his conviction on several grounds, including the failure of the Trial Court (*Souter*, J.) to permit the presentation of an affirmative defense to the jury. We reverse and remand for a new trial.

The operative facts are not in dispute. During portions of 1980 and 1981 the defendant was an employee of New England Business Radio, a radio dispatching, paging, and answering service. During this time he tape-recorded a number of his telephone conversations without the consent of the other party to the conversation. Following termination of the defendant's employment, a fellow employee discovered a number of tapes in the defendant's former office and turned them over to the Concord Police Department. The Concord police confronted the defendant with the tapes, and he admitted that they were recordings of his telephone conversations.

The defendant was indicted and convicted for violating RSA 570-A:2, I (Supp. 1983), which provides:

> "A person is guilty of a class B felony *if*, except as otherwise specifically provided in this chapter or *without the consent of all parties* to the communications, *he:*
>
> (a) *wilfully intercepts*, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire or oral communications . . . ."

(Emphasis added.)

The defendant alleges selective prosecution and appeals the failure of the trial court to dismiss the indictment on that basis. He contends that several police departments record incoming telephone calls without the consent of the caller and, thus, are violating RSA 570-A:2, I (Supp. 1983). The defendant argues that, since these police departments have not been prosecuted, the State's prosecution of him for a violation of that same statute is an illegal selective prosecution.

The record indicates, however, that the defendant has not established intentional or purposeful discrimination, which is a required element of a prima facie case of selective prosecution. *See Oyler v. Boles*, 368 U.S. 448, 456 (1962); *see also Lavallee v. Perrin*, 124 N.H. 33, 39, 466 A.2d 932, 936 (1983); *see generally* Note, *Selective Prosecution by Administrative Agencies: A Threat to First Amendment Rights*, 18 N. ENG. L. REV. 423, 425–29 (1983).

In addition, it was pointed out during oral argument that the State is prosecuting at least two police officers for violating RSA 570-A:2, I (Supp. 1983). The trial court, therefore, did not err in refusing to dismiss the indictment or in refusing to permit the issue of selective prosecution to be presented to the jury.

The defendant next argues that the trial court erred in not allowing an affirmative defense to be presented. He contends that a letter from the public utilities commission led him to believe, mistakenly, that his recording of telephone conversations was governed by Federal law, and was, thus, legal. He claims that this mistaken belief should allow him to present to the jury the affirmative defense provided for in RSA 626:3, II. We agree.

RSA 626:3, II, provides:

> "A person is not relieved of criminal liability because he acts under a mistaken belief that his conduct does not, as a matter of law, constitute an offense *unless his belief is founded upon a statement of the law contained in a statute* or other enactment, *or* an administrative order or grant of permission, or a judicial decision of a state or federal court, or a *written interpretation of the law* relating to the offense officially made *by a public servant, agency or body* legally empowered with authority to administer, enforce or interpret such law. The defendant must prove a defense arising under this subsection by a preponderance of evidence."

(Emphasis added.) The affirmative defense provided for in RSA 626:3, II, is in essence a question of fact; did the defendant believe that the law in question did not apply to him because of his knowledge of a statute or administrative or judicial decision?

The defendant inquired of the public utilities commission whether the State or Federal government regulated the activities of New England Business Radio. On February 7, 1980, he received the following letter from Bruce B. Ellsworth, chief engineer of the public utilities commission:

"We are in receipt of your letter of January 28, 1980 in which you request clarification of this Commission's position as to its authority over one-way paging systems.

The commission exercises jurisdiction over radio common carriers to the extent that such carrier interfaces with the land line telephone network . . . .

The Commission has used the land line interconnection definition as the basis upon which to exercise jurisdiction. We do not regulate one-way paging services which do not have such an interconnection. For example, if the system operates in such a manner that the calling process is separate from the message transmitting process, and the land line is not utilized during the message transmitting process, then the Commission has taken no regulatory jurisdiction."

The defendant contends that this letter led him to believe that his conduct was not governed by State law, but rather, by Federal law. Specifically, he attempted to argue that he believed that his conduct was governed by 18 U.S.C.A. section 2511(2)d (1970), which *permits* interceptions with the consent of only one party. The trial court did not allow the defendant to present this defense to the jury.

Whether the letter in question or the federal statute created in the defendant's mind the belief that he was exempt from the provisions of RSA 570-A:2, I (Supp. 1983), is a question of fact for the jury to decide. *Cf. State v. Little*, 121 N.H. 765, 772–73, 435 A.2d 517, 521 (1981) (entrapment as affirmative defense); *Novosel v. Helgemoe*, 118 N.H. 115, 126–27, 384 A.2d 124, 131 (1978) (insanity as affirmative defense). This does *not* mean that the defendant's interpretation of law is correct, but merely that he should have been permitted to attempt to prove to the jury's satisfaction by a preponderance of the evidence that he believed he was in compliance with the law. RSA 626:3, II.

The trial judge has very limited discretion to remove questions of fact from the consideration of the jury. *Gowen v. Brothers*, 121 N.H. 377, 380, 430 A.2d 159, 160 (1981); *see Kierstead v. Betley Chevrolet-Buick, Inc.*, 118 N.H. 493, 498, 389 A.2d 429, 433 (1978). Accordingly, the defendant should have been permitted to present this issue to the jury, and therefore, we reverse and remand for a new trial.

Since this case is remanded for a new trial, we note, without deciding, that it is not clear whether these facts even give rise to an "interception" within the meaning of RSA 570-A:2, I(a) (Supp. 1983). A number of other courts have held, based on similar facts,

112

that there was not an interception under the applicable statute as a matter of law. *See Goldman v. United States*, 316 U.S. 129, 134 (1942) ("As has rightly been held, [interception] indicates the taking or seizure by the way or before arrival at the destined place. It does not ordinarily connote the obtaining of what is to be sent before, or at the moment, it leaves the possession of the proposed sender, or after, or at the moment, it comes into the possession of the intended receiver."); *see also Rathbun v. United States*, 355 U.S. 107 (1957); *United States v. Murray*, 492 F.2d 178, 194 (9th Cir. 1973), *cert. denied*, 419 U.S. 942 (1974); *Carnes v. United States*, 295 F.2d 598 (5th Cir. 1961), *cert. denied*, 369 U.S. 861 (1962); *Flanders v. United States*, 222 F.2d 163 (6th Cir. 1955); *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 898, 125 Cal. Rptr. 306, 308 (1975); *Mitchell v. State*, 239 Ga. 3, 4, 235 S.E.2d 509, 511 (1977).

*Reversed and remanded.*

SOUTER, J., did not sit; the others concurred.